HERKIMER COUNTY.—HON. A. H. PRESCOTT, SURROGATE.—
August, 1877.

## MATTER OF ABBOTT.

*In the matter of the construction of the last will and
testament of AMASA ABBOTT, deceased.*

A bequest to the trustees of a religious corporation of a sum of money in
trust for the poor of certain towns named, to be used and expended by
the trustees in their "discretion for the best interests of the poor per-
sons who at the time of my [the testator's] decease, and thereafter may
reside in said towns or either of them, it being my desire that this be-
quest be used for the relief of the most needy and indigent poor people
residing in said towns, or either of them now or hereafter, until said
bequest be in such manner expended," *Held* void for uncertainty in
respect to the *cestuis que trust.*

UPON the construction of a will, it was claimed on
the part of the contestants that the following bequest
was void:

"I give and bequest to the trustees of the Presby-
terian Church, at Richfield Springs, Otsego County,
New York, the sum of five thousand dollars, in trust,
for the poor of the towns of Warren and Richfield, in
the Counties of Herkimer and Otsego respectively, to
be used and expended by said trustees in their best
discretion for the best interests of the poor persons
who at the time of my decease and hereafter, may
reside in said towns or either of them, it being my
desire that this bequest be used for the relief of the
most needy and indigent poor people residing in said
towns or either of them, now or thereafter, until said
bequest be in such manner expended."

R. EARL, *for the contestants.*

GEORGE A. HUDSON, *for the claimants.*

THE SURROGATE. — The intention of the testator is, I think, clear and explicit. The bequest is to the trustees of the church in their official capacity as trustees, and not as individuals, describing them as trustees.

The testator evidently did not know any of the trustees at the time of making of the will, and if he did, he could not have known who they would be at the time of the execution of the trust. But the bequest is to the trustees, and the trustees are in their discretion to expend the money. This is clearly expressed in the clause of the will in question.— It is the duty of this court to carry out the instruction of the testator if the law, as now well settled, will allow it to be done. The estate is worth about fifty thousand dollars, and the property under the will all goes to his collateral relatives, except a few small bequests to strangers. The will therefore is reasonable, and inasmuch as the deceased left no direct lineal descendants, the small bequest in question of five thousand dollars to the poor persons of the towns referred to should be carried out if possible, because it was the testator's wish, and the amount thus expended would do no injustice to any one interested in the estate.

Had I a reasonable doubt as to what the law now is as applicable to this case, I should hold the bequest valid, and direct the trustees to take the money and expend it for the object specified, but inasmuch as the higher tribunals of the State, whose duty it is to declare the law, have decided the precise question, it only remains for the Court to see that the law as settled is carried out and enforced.

The case of Williams v. Williams, (8 N. Y., 525), decided in the Court of Appeals, in October, 1853, has been relied upon as authority in favor of the bequest, and in the opinion of Denio, J., in that case, this bequest could probably have been upheld under the law of charitable uses, as it at one time existed in England, he holding in that case that it had been adopted in this State by the Constitution of 1777. The case was decided by a divided bench, Gardner, Johnson and Taggart, J. J., dissenting.

The conclusions reached by Judge Denio in that case had several times·been questioned, and especially in Levy v. Levy, (33 N. Y., 97), decided in 1865, and in the case of Bascom v. Albertson, (34 N. Y., 584), decided in March, 1866, the court overruled the whole doctrine, Porter, J., writing the opinion and reviewing deliberately the whole doctrine in an able manner, which· was concurred in by the whole bench except Hunt, J., who alone dissented from the overruling of the case of Williams v. Williams. It is true that in the case of Bascom v. Albertson, no trustees were named in the will, but the trustees were to be named by the Judges of the Supreme Court of the State of Vermont, and were therefore not in existence at the time of the death of the testator, but the decision is put distinctly on the ground that the bequest is void because the beneficiaries of the trust are indefinite and not sufficiently certain, the court deciding that " The English system of indefinite charitable uses has no existence in this State, and no place in our system of jurisprudence.

Since the decision by the Court of Appeals in the

case last referred to, there has been a decision of the Superior Court of this Judicial District at general term, which is directly in point. I refer to the case of Foote v. Sharpley, decided in 1866, at the April general term.

The bequest in the case was as follows:

" $1,000 to my executors in trust for the benefit of the industrious and meritorious poor persons who should at the death of the testator be living in the town of Hamilton." The general term of this district in deciding the case referred to, had the benefit of all the cases that have been cited by the counsel on either side in this case, and the court was unanimously of the opinion that the clause of the will in that case was void on account of the indefiniteness of the beneficiaries. The executors were made the trustees under the will, and there was no objection on that ground, and in that case the beneficiaries named were " the industrious and meritorious poor persons."

In this case, it is the most needy and indigent poor persons, the same to be ascertained and found by the trustees and decided upon in their discretion, without any language of qualification or restriction. The decision of the general term of this district, made since the various decisions of the Court of Appeals, declares the bequest in the clause of the will in this case void, and this court must submit to its authority and carry out its decision in good faith.

The bequest, therefore, being void, the residuary legatees named in the will are entitled to it, and a decree will be entered accordingly.

The legal and taxable costs of the claimants must be paid out of the funds of the estate.

Ordered accordingly.