SAMUEL FOOSE, Appellant, *v.* WILLIAM WHITMORE et al., Responden

82  405
d163  286
j163  295

The will of F. disposed of his property as follows: "I, * * * give and bequeath all my property, real and personal, to my beloved wife, Mary, only requesting her, at the close of her life, to make such disposition of the same among my children and grand-children as shall seem to her good." *Held*, that the gift to the wife was absolute; that the concluding words being merely words of suggestion, not of direction or command, did not create a trust.

(Argued September 30, 1880; decided November 9, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of the defendants entered upon a decision of the court on trial without a jury.

This was an action of ejectment to recover an alleged undivided interest owned by plaintiff in certain lands situate in Livingston county, of which Jacob A. Foose, the father of plaintiff, died seized.

The decedent left a will which disposed of his property as follows:

" I, in order to settle, as far as possible, all my worldly interests, do give and bequeath all my property, real and personal, to my beloved wife, Mary, only requesting her, at the close of her life, to make such disposition of the same among my children and grand-children, as shall seem to her good."

The wife of the testator survived him and defendants claimed under a warranty deed executed by her.

*E. A. Nash* for appellant. Under the will the wife took a life estate only and a trust was created in favor of the children and grand-children of the testator. (Perry on Trusts, §§ 112, 114, and note *e* [2d. ed., 1874]; Hill. on Trustees, p. 73 [4th Am. ed.]; 2 Redfield on Wills, 411 [3d ed., 1876]; 1 Jarman on Wills, 356 [Eng. ed.]; *Warner* v. *Bates*, 98 Mass. 274; [2 Ves. Jr. 333, 529]; *Knight* v. *Knight*, 3 Beav. 148; *Currick* v. *Tucker*, L. R., 17 Eq. 320 [1874]; *Van Dyck* v. *Van*

*Buren*, 1 Cai. 84; *Dominick* v. *Sayre*, 3 Sandf. 555.) The gift to the widow is not in words which are sufficient to pass the personalty, absolutely, and the real estate in fee simple. (*Ware* v. *Mallard*, 16 Jur. 492; *Warner* v. *Bates*, 98 Mass. 274; *Smith* v. *Bell*, 6 Peters, 68; *Colt* v. *Heard*, 10 Hun, 189; *Terry* v. *Wiggins*, 47 N. Y. 518.) If a trust was meant by the testator, it extended to the whole estate, and not merely to such as should be left at the death of the widow, and, therefore, had the effect to cut down the interest of the widow to a mere life estate. (*Martin* v. *Funk*, 75 N. Y. 134.) A power of selection given to the trustee has not been regarded as invalidating the trust. (2 Redfield on Wills, 413, note 14; 1 Perry on Trusts, §§ 250, 251; 1 R. S. 734, §§ 97, 100; Hill. on Trusts, p. 73 [4th Am. ed.]; 2 Redfield, 414, note 14.)

*W. W. Niles* for respondents. The widow took an estate in fee-simple under the will. (1 R. S. marg. p. 748, § 1.) The words of request contained in the will do not raise a trust in favor of the children and grand-children of the testator. (*Cromer* v. *Pinckney*, 3 Barb. Ch. 466; *Parsons* v. *Best*, 1 N. Y. S. C. [T. & C.] 211; *Pennock's Estate*, 20 Penn. St. 268; *Gilbert* v. *Chapin*, 19 Conn. 342; *Webb* v. *Woods*, 2 Simons' Ch. [N. S.] 267; *Sale* v. *Moore*, 1 Simons, 534; Hill. on Trustees, 110, marg. p. 72; Tiff. & Bull. on Trustees, 224; 2 Story's Eq. Jur., §§ 1068, 1069; 1 Jarman on Wills, marg. p. 161, 165, 338–343 [4th Am. ed.]; *Arcularius* v. *Gersenheiner*, 3 Bradf. 64, 75.)

DANFORTH, J. Notwithstanding the well-directed and careful research of the learned counsel for the appellant, no case has been found exactly covering the one before us. We are, therefore, not embarrassed by authority, for the tendency of modern decisions is not to extend the rule or practice which, from words of doubtful meaning, deduces or implies a trust. (2 Story's Eq. Jur., § 1069; *Lamb* v. *Eames*, L. R., 10 Eq. Cases, 267; *In re Hutchinson and Tenant*, L. R., 8 Ch. Div. 540.) Yet, when this doctrine was applied, the object sought for was the intention of the testator, and for this the context of the will was looked at, first, to ascertain his wishes, if any were

expressed, and next to see whether he intended to impose an obligation on his legatee to carry them into effect, or having expressed his wishes, he intended to leave it to the legatee to act on them or not in his discretion. Cases illustrating both divisions of this inquiry are collected, and to some extent analyzed by various learned text-writers, and it would be a useless task to reproduce them here. (Perry on Trusts, chap. 4, vol. 1; Hill. on Trustees, 71–83; 1 Jarman on Wills, 341.) They are, however, subject to the rule stated by Lord CRANWORTH, in *Williams* v. *Williams* (1 Sim. [N. S.] 358), that "the real question always is whether the wish or desire, or recommendation that is expressed by the testator is meant to govern the conduct of the party to whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of the discretion of the party, leaving it, however, to the party to exercise his own discretion." This rule is applied and illustrated in *Bernard* v. *Minshull* (Johns. Ch. [Eng.] 276); and in *Howarth* v. *Dewell* (6 Jurist [N. S.], 1360), where a devise by a testator of all the residue of his property, real and personal, to his wife, with power to dispose of the same among all his children in her discretion, was held to be an absolute gift to the wife. There are later cases. (*In re Hutchinson and Tenant*, L. R., 8 Ch. Div. 540 [1878].) Where a testator gave all his property to his wife, "absolutely, with full power for her to dispose of the same as she may think fit for the benefit of my family, having full confidence that she will do so," the learned court said : " Both on principle and in consonance with the most modern authorities, I decide that the widow took absolutely." To the same conclusion we must come in this case. The will is very short, and the language used permits no doubt as to the testator's wishes. He says : " I do give and bequeath all my property, both real and personal, to my beloved wife, Mary." These are plain words, and standing alone would give the plaintiff no ground for contention. The wife would take in fee and absolutely. The learned counsel for the appellant finds qualifying words in the rest of the sentence, viz.,

" *only requesting her, at the close of her life, to make such disposition of the same among my children and grand-children, as shall seem to her good,*" and claims that what otherwise would be a fee is thus cut down to a life-estate, and a trust created as to the remainder in favor of the testator's children and grand-children. On the other side it is in substance argued that the gift to the widow is absolute, that the words last quoted add a power of disposition which is nugatory, and which does not detract from the previous absolute gift. This conclusion is warranted by the words used. They are not words of obligation, and impose none. They are mere words of suggestion, involving no direction or command. By executing the alleged trust, she would defeat the gift. The plaintiff reads it as if the testator said : "I give you all of my estate, but at the close of your life you are to distribute all of it among my children and my grand-children," and so the wife would get nothing. The question as an original one seems too plain for argument, and susceptible of one answer only and that in favor of the defendant.

In my opinion the provision is at most a mere recommendation of the children and grand-children to the favorable consideration of the devisee, and does not create a legal obligation of any kind upon her in their favor. Indeed the peculiar and qualified language used, " only requesting," etc., seems also to indicate that the omission to provide for them was deliberate and intentional, and that they may have been so referred to under an impression of the testator, or the writer of the will, that unless in some manner they appeared to be in the mind of the testator at the time of its execution, the will would, as against them, be invalid. Such an impression would be justified by the statutes of some of the States of the Union (*Bancroft* v. *Ives*, 3 Gray, 367 ; 3 Redfield on Wills, 297 [ed. of 1869]), and from some one of these, the testator or his scrivener may have gathered it. But for whatever reason inserted, they do not in our opinion create a trust.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.