KINGS COUNTY.—HON. JACOB I. BERGEN, SURROGATE—December, 1883.

## WILDE V. SMITH.

*In the matter of the judicial settlement of the account of* FRANK L. SMITH, *as executor of the will of* MATHILDA L. HARVEY, *deceased.*

Testatrix, by her will, provided as follows : *"It is my desire and request* that S. shall watch over and care for my friend W., and see that, at no time, is she allowed to suffer or want for the necessaries of life ;" by a later clause, appointed S. sole executor ; and, by a codicil, made him residuary devisee and legatee, without qualification. It was contended that the words quoted constituted a trust in favor of W., and that the residuary devisee and legatee took subject thereto.—

*Held,* that those words were merely precatory, were not intended to govern the action of S., and imposed upon him no obligation in favor of W.

The doctrine of Williams v. Williams (*1 Sim. N. S., 358*), as to the distinction between precatory and obligatory words in a will—followed.

As to whether a Surrogate has power to construe a will upon an application to require an executor to show cause why he should not be attached for failure duly to file an inventory, and why he should not be removed from office for neglect and misconduct, *quaere*.

MOTION to confirm report of referee, to whom was referred the petition of Lena Wilde, a beneficiary under decedent's will, and the answer thereto, which petition prayed, upon grounds therein set forth, for a citation to Frank L. Smith, executor of the said will, to show cause why he should not make, file and return an inventory and an account of his proceedings as such executor, as by statute provided,—more than one year having expired since the issuing of letters to him; and, in default thereof, to show cause why he should not be attached; and why he should not be removed from office by reason of his failure to carry out the provisions of the will,—the statutory time to make provision out of decedent's estate to petitioner having long since expired, and said Smith having, since the grant of letters to him, removed from the State. Further facts are stated in the opinion.

LOUIS COHEN, *for petitioner:*

Cited Caulfield v. Sullivan (*85 N. Y., 153*); Sutherland v. Gesner (*27 Hun, 283*); Roberts v. Mayor (*5 Abb. Pr., 49*); Brown v. Knapp (*79 N. Y., 136, 143*); Bliven v. Seymour (*88 N. Y., 469, 476*); Johnson v. Cornwall (*26 Hun, 499*); Wetmore v. Parker (*52 N. Y., 450, 462*).

Jos. S. RIDGWAY, *for executor.*

THE SURROGATE.—This is a motion to confirm the report of the referee.

The fifth clause of the will of testatrix reads as follows : "It is my desire and request that Frank L. Smith, mentioned in the preceding clause in my will, shall watch over and care for my friend, Lena Wilde, who at one time lived in my family, and see that at no time is she allowed to suffer or want for the necessaries of life."   By the seventh clause, she appoints Frank L. Smith sole executor; and, by the second clause of the codicil, she devises and bequeaths all the rest, residue and remainder of her property to said Frank L. Smith, after bequeathing several articles of jewelry, etc., to a friend.   It is now urged by the counsel for the petitioner that the precatory words contained in the will constitute a trust in favor of the beneficiary therein named, and that the residuary legatee therein named takes subject to the trust.

The rule laid down by Lord CRANWORTH, in Williams v. Williams (*1 Sim. N. S., 358*), and approved in Wood v. Seward (*4 Redf., 271*), and by the Court of Appeals of this State, in Foose v. Whitmore (*82 N. Y., 405*), is as follows : "The real question always is, whether the wish, or desire, or recommendation that is expressed by the testator is meant to govern the conduct of the party to whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of the discretion of the party, leaving it, however, to the party to exercise his own discretion."

The testatrix, by the codicil, made an absolute and unqualified disposition of her estate to Frank L. Smith therein named. Had she intended to subject this devise to the trust, as claimed, for the benefit of Lena Wilde, she would have used other more obligatory words, to have expressed such intention. They are too indefinite, and are not words of obligation, nor do they impose any. They were not intended to govern the action of the person to whom they were addressed. They are simply a wish or recommendation, appealing to the discretion of the residuary legatee, and cannot, therefore, impose any legal obligation upon him in favor of the petitioner.

This application for construction does not arise on the probate of the will, nor upon a final accounting. It may, therefore, be questioned whether the Surrogate has the power, under the circumstances, to entertain the motion.

An order may be entered, confirming the report of the referee, dismissing the motion.