KINGS COUNTY.—HON. JACOB I. BERGEN, SURRO-GATE.—March, 1884.

## CANDLER v. CANDLER.

*In the matter of the judicial settlement of the account of* FLAMEN B. CANDLER *and* CHARLES W. BANGS, *as executors of the will of* MARCIA A. WELCH, *deceased.*

A pecuniary bequest to one for life, with power to him to dispose of the same by will among specified persons, accompanied with a bequest over, in default of such a disposition, does not come within the rule—that a bequest over of what shall remain, or be left, of a legacy, upon the death of a first legatee, is void for uncertainty.

Testatrix, by her will, gave to her daughter, C., one fourth of the residuary proceeds of the conversion of her estate, "to have and to hold for her separate use *during her natural life.* . . . . . and to be disposed of by her at her death among her lawful issue in such proportions as she shall direct and appoint. But if she shall die without making such appropriation, then I direct the same to be divided among such issue, in the same proportions as if it had been her property at the time of her death." C. contended that the gift to her was absolute.—

*Held,* that the will created a valid remainder in the fund, in favor of C.'s issue, subject to a power to C. to apportion the same among such issue, at her volition.

Foose v. Whitmore, 82 *N. Y.,* 405 ; Campbell v. Beaumont, 91 *id.,* 465—distinguished.

This was a request for a construction of decedent's will, upon judicial settlement of executors' account. The facts appear sufficiently in the opinion.

VAN WINKLE, CANDLER & JAY, *for executors.*

MITCHELL L. ERLANGER, *for Marcia L. Candler.*

GEORGE V. BROWER, *for Welthea A. Merritt, and others.*

GEORGE A. HALSEY, *special guardian.*

THE SURROGATE.—The executors have submitted their account for a judicial settlement, and, in order to determine the rights of the parties, have asked for a construction of a part of the eleventh clause of the will, which reads as follows: "And in conclusion I direct my executors and trustees of this my last will and testament, in order to meet the demands on my estate as herein set forth, to sell, as soon after my decease as may be, all real estate of which I may be possessed at that time, all furniture, bonds or bank stock or any other articles of value not covered by this testament; and after providing for what has already been named, to dispose of the remainder in the following manner: To Mrs. Marcia Lilian Candler one fourth of the proceeds of said amount, to have and to hold for her separate use *during her natural life,* free from the debts, control or engagements of her husband, and to be disposed of by her at her death among her lawful issue in such proportions as she shall direct and appoint. But if she shall die without making such appropriation, then I direct the same to be divided among such

issue, in the same proportions as if it had been her property at the time of her death."

It is claimed by the executors, and the guardian ad litem for Mrs. Candler's children, that the legacy bequeathed to Mrs. Candler is for her life only, and that the gift over to her children is valid, subject only to the power given to Mrs. Candler to dispose of it by will among her lawful issue; while, on the other hand, Mrs. Candler contends that the bequest to her is absolute.

The rule laid down in 1 Jarman on Wills. (*R. & T. ed.*, *653, 654*) is that a bequest of what shall remain, or be left at the decease of the prior legatee, or of what the legatee is possessed of at the time of death, or of what he does not want, or does not spend, or of what remains undisposed of, is void for uncertainty.

But where property, whatever be its nature, is expressly limited to the first taker *for life*, there is not, it is believed, any case in which such expressions have been held to render the ultimate gift void. See Cooper v. Williams (*Precedents in Chancery, 71, case 65*).

In Curnick v. Tucker (*17 Law Rep. [Eq. cas.], 320*), the testator left all his property, real and personal, to his wife, for her sole use and benefit, in the full confidence that she would so dispose of it among all their children, during her lifetime and at her decease, doing equal justice to all of them; it was there held that the wife took merely a life estate, and that a trust was created in favor of the children. The same rule was maintained in Ware v. Mallard (*16 Jurist, 492*); Pinckney v. Pinckney (*1 Bradf., 272*).

But it is urged, by the learned counsel for Mrs.

Candler, that the power given to the first legatee to dispose of the fund is absolute, and therefore the remainder over is void for repugnancy. In the case at bar, the fund was given to the first legatee for life only, and the power of disposing of the remainder was limited to her to dispose of it at her death among her lawful issue, in such proportions as she shall direct and appoint; it was not absolute, for there was no power given to dispose of the fund in any way, other than among her issue.

In the case of Foose v. Whitmore (*82 N. Y., 405*), the testator bequeathed all his property to his wife "*only requesting her*" at the close of her life to make such disposition among my children and grandchildren as shall seem to her good." It was held that the gift to the wife was absolute ; the decision was based upon the fact that it was a mere request or recommendation that the devisee consider the claims of the children and grandchildren.

So, also, is the case of Campbell v. Beaumont (*91 N. Y., 464*), where testator gave to his wife all his property "to be enjoyed by her for her sole use and benefit, and, in case of her decease, the same, or such portion as may remain thereof, it is my will that the same shall be received and enjoyed by her son Charles." There it was held that the limitation, if intended, was inconsistent with the absolute gift, and the wife took the title.

In neither of these cases was the estate given to the widow qualified. The case under consideration differs materially from them ; for the estate given to the first legatee was qualified, viz: for life, and, after her death,

to her issue, subject to the power of disposal by her among her lawful issue.

It would seem that the testatrix intended that her grandchildren should receive the fund after the mother's death ; for she adds : "If she shall die without making such appropriation, then I direct the same to be divided among such issue in the same proportions, as if it had been her property at the time of her death ;" thereby clearly expressing her intention, by dividing the property among the issue of her daughter, in case she failed to exercise the power of appointment as given to her by the will.

The power of disposition in this case was only for a special purpose, viz : to divide among her lawful issue as she shall direct.  The scheme of the testatrix is very apparent.  She intended, first, to give the use of the fund to Mrs. Candler for life, and after her death it was to be equally divided among the issue of Mrs. Candler, with a power to Mrs. Candler to divide the same among her issue, in such proportion as she might direct or appoint.  The testatrix undoubtedly wished to leave a discretionary power to her daughter, in order that she might discriminate in making the division among her issue, if for any reason she might consider one more entitled to consideration than the others.

I am, therefore, of the opinion that the remainder created for the benefit of the issue of Mrs. Candler is valid, subject only to the power of disposal given to her by the will to apportion the same among her issue as she may direct, and that the decree should provide that the one fourth of the proceeds under the eleventh clause of the will, without interest, be paid to Mrs.

Candler for her use during her natural life, and after her death to her issue, subject only to the power of apportionment as provided in the will.

Decreed accordingly.