Brady, J.
The object of this action was the construction of the last will and codicils of Sarah Burr who died in this city on the 1st of March, 1882, and by which with the exception of a few legacies to distant relatives and other individuals she gave her large estate to religious corporations and charities and seminaries in existence or to be established. The instruments, will and codicils by which this distribution was directed were assailed as containing bequests to several corporations and institutions which were void, and the amounts of which, therefore, became part of a residuary estate to which the next of kin were entitled. It was said in response that the trusts were valid, the gifts effectual, the whole estate disposed of even if there were lapsed or void legacies, and that the next of kin had no interest in the residuary estate and no standing in court. The learned judge presiding in the court below adopted the views presented by the respondents and hence this appeal. The point is here again urged and by all the respondents that the residuary estate, no matter from what source it may emanate, whether from lapsed or void legacies has been appropriated, and the next of kin have no interest beyond what is expressly given them by the testatrix.
The objects of her solicitude and bounty are numerous, embracing institutions, religious, semi-religious and charitable, representing different creeds and colors, and none ask who have appeared for any change or modification of the judgment pronounced except the next of kin who wish to obtain and enjoy more of the estate than the testatrix was willing to give them, a very natural and perhaps a very just feeling, inasmuch as they are relatives, and to use an old but significant aphorism “blood is thicker than water.” It is not potent enough, however, to transform express provisions in a will or codicil, or to invade the realms of testamentary law, and revolutionize established rules. And if the residuary estate be disposed of as alleged and determined, there is no need to consider any other question presented by the record.
The testatrix begins her will by expressing emphatically her intention to dispose of all her estate, real and personal, and then proceeds to carry out this design by distributing it, providing generally as to such distribution as follows :
Seventh. In case from any misnaming of the societies or institutions to which legacies are intended to he given, as above expressed, or in case from want of *318 corporate capacity to take and hold the sums expressed to be given, the said legacies as above expressed, or any of them, cannot take effect and be executed in manner above expressed, then as to such ineffectually intended gift or . sum I give such sum to my executors, to be applied to the charitable uses or purposes as above indicated, in such manner as they shall be able,"giving the same, however, to them absolutely, relying on their carrying out substantially my purposes
And further as follows:
Eighth. All the rest, residue and remainder of my estate, including vom and lapsed legacies, if any, not carried out by the terms of the preceding clause, I give and bequeath in equal parts:
To the New York City Bible Society;
To the American Church Missionary Society,
To the American Board of Commissioners for Foreign Missions;
To the American Home Missionary Society;
To the American Colonization Society, and
The New York Dispensary,
to which must be added legatees of this residuary named in the second - codicil, thus removing all possible doubt of her intention to leave nothingundisposed of—to leave no part of her estate which might become residuary and subject to appropriation, disposition or distribution by operation of law.
This design was again substantially expressed in the first codicil as follows:
In case of misnaming of the institutions, or any of them, or want of corporate capacity to take and hold, or any informality of any kind, any of the legacies intended to be given in my will or this codicil cannot take effect or should become void, then in such case I give such sums mentioned in any such legacy to my executors, to be applied to the charitable uses or purposes as above indicated, in any such manner as they may be able, giving the same to them, however, absolutely, relying on them to carry out substantially my purposes.
Confirming my said last will and testament as herein modified, I do hereby declare as a codicil to my last will and testament
And again, by the second codicil, which contains the following clauses.
Third If any of the legacies or bequests given by me in this codicil should, from any cause whatever, fail to take effect, I give and bequeath the amounts of such legacies or bequests so failing to take effect, unto my executors, who shall qualify, as joint tenants, absolutely, in full confidence that they, or the survivor or survivors of them, will dispose of such amounts as I would have desired myself to do.
Fourth. I hereby republish my said will and first codicil as altered hereby.
Not only does the will thus declare this intention, but the last codicil contains also the folio-wing clause-
Second. And I do hereby will and direct that the following named institutions, to wit: The Sheltering Arms, etc. (naming fourteen additional societies), shall share my residuary estate remaining after the payment of all the legacies and carrying out all the trusts and provisions made by me in my said will and first and second codicils (excepting the residuary bequests given in the eighth clause of my said will) in equal shares with the institutions named in the said eighth clause of my said will; and I give and bequeath the same * accordingly, it being my intention that the corporations, institutions and societies herein above named in this second, clause, together with the six corporations, institutions and societies named in said eighth clause of my said will, shall receive in equal shares the residue of my personal estate and of the proceeds of my real estate
There are not only no references to next of kin, but a well expressed determination that her estate should be enjoyed by the charities, institutions and corporations named and described, as she had dispensed it, or by such of them as could take not only what was given them, but the residuary estate springing from legacies void or lapsed and which could not be used as designed, and also *319 beyond them such dispositions as might be made by her executors, tc whom she gave and absolutely, to dispose of such parts of the estate as might not fall to the legatees. named.
She intended that all named should be benefited by receipt of the legacy, but if not for any reason, hoped that her executors would substantially carry out her purposes, or do what she would have desired herself tc do, as expressed m the seventh clause of the will and in the codicils.
The effect of this is an absolute gift, not for any particu lar purpose agreed upon 01 preconceived, but for objects such as the testatrix would have favored if she could legally do so This is evident from the subsequent provisions in clause eight, to which reierence lias been made, and by which lapsed and void legagies are disposed of.
The testatrix, by the seventh and eighth clauses of the will, thus distinctly proviaes. as already suggested, for the appropriation of any part of her estate which having been given, could not be received or applied. By the seventh clause, all sums given as legacies which fail co be taken for any reason, she gives to hei executors to be applied to charitable purposes, as indicated, m such manner as they shall be able, giving the same to them, a bsolutely relying on their carrying out substantially her purposes and doing what she would have desired to do. It was not it should be said, a residuary clause. It was designed to effectuate previous gifts and not to bestow what was primarily intended for another. The case of Kerr v. Dougherty (79 N. Y., 327), does not apply, therefore, even if the doctrine it declares be upheld.
And by the eighth clause, she disposes of all the rest, residue and remainder of her estate, including, it must lie carefully noted, void and lapsed legacies, if any not carried out by the terms of the preceding clause, that is, the seventh.
The money is given to the executors in order to prevent a lapse of legacies no doubt, but the further precaution is adopted, by which if that gift fail, the subject of it falls into the residuary estate covered by the eighth clause.
The effect of this is therefore to embrace all the residue of the estate even that apparently given to the executors by the seventh clause if “ not carried out according to the terms of that clause. If therefore the gift thus made to the executors should for any reason be declared invalid, then the funds embraced in it must be distributed as directed by the eighth clause. It would include those as among the lapsed and void legacies, and the words (not carried out), by the terms of the preceding clause should be *320 read which cannot be legally applied according to the terms of the preceding clause.
In other words it is as if the testatrix said, if any of the legacies given cannot take effect, and the executors cannot take the sums indicated by them as I have provided in the seventh clause then they shall be divided as part of any residuary estate equally between the corporations specifically named in the eighth clause and those added by the second codicil
This provision was designed to meet all contingencies, and is certainly broad enough to do it and this interpretation is in entire harmony with the expressed intention of the testatrix to dispose of the whole of her estate so certainly and fully declared at the outset; and subsequently, for it will have been perceived that m the codicils the pro • visions thereto are repeated and continued, the testatrix in them confirming and republishing her will
Where upon examination of a will taken as a whole the intention of the testatrix appears clear, but its plain and definite purposes are endangered by inapt or inaccurate modes of expression, the court may, and it is its duty to subordinate the language to the intention; it may reject words and limitations, supply 01 transpose them to get at the correct meaning, Phillips v Davies et al., 92 N. Y. 199.
It is contended however that the gift to the executors is invalid, and the learned counsel for the appellant says. “The whole purpose and scheme of the testatrix was to dispose of her entire estate to charity, and it- is to provide against any of the specific bequests failing to take effect that she gives them to her executors as such to be applied to.the charitable purposes indicated,” '
It may. be answered that no matter what her scheme was, the gift to the executors was absolute, founded upon no promise to or understanding or agreement with her as to the use to be made of the fund that might be received, and therefore kindred in that respect to many cases in which similar language has been employed, and which the courts have held the gift absolute, unaffected by the wish or hope or desire expressed. ,
See Lawrence v. Cooke (32 Hun, 126), where the cases are collated. See, also, Foose v. Whitmore et al. (82 N. Y. 405), and Willets v Willets (35 Hun, 401); see, also, Power v. Cassidy et al. (79 N. Y., 602)
The matter of the will of O’Hara (95 N Y , 403), one of the cases upon which the appellants’ counsel relies to destroy the gift to the executors, does not conflict with the rule declared herein. The decision in that case rests as said by Rixch, J , on proof uncontradicted, that the testatrix made *321 thé residuary devise and bequest in its absolute and unconditional form in reliance upon a promise of the legatees to apply the fund faithfully and honorably to the charitable uses dictated by a letter of instructions. Here, there is as already suggested, no promise, understanding or command, but a wish, desire or hope.
It may be that the discussion of this feature of the appeal is unnecessary, for the reason that assuming the bequest to the executors to be void, that would not benefit the appellants or give them any standing in court, as the fund would, as we have seen, become a part of the residuary estate and go as directed.
The scheme of the testatrix, as revealed by the will and codicils, was to dispose of her entire- estate, and it is not difficult to ascertain that it was her intention to limit her next of kin to the portion given them, and to, give to the •societies or corporations named for that purpose equally whatever became, for any reasons, residuary estate.
The declared rule of the court is to carry out the intention of the testatrix where it may be done without distinct violation of settled doctrine, and not to permit intestacy in any case where the will in effect, and by just interpretation disposes of the whole estate.
The point discussed therefore, which is so thoroughly pressed, as already suggested and decided against the appellants, renders the consideration of all others unnecessary.
Indeed, the discussion of them under such circumstances if it led to the vindication of all the bequests made, would be obiter.
The judgment for these reasons should be affirmed, with costs to the respondents to be paid out of the funds of the estate, and without costs to the appellants.
Daniels and Macomber, JJ., concur.