---

## *In re* FOLEY'S WILL.

*(Surrogate's Court, New York County. April 24, 1890.)*

TRUSTS—VALIDITY—UNCERTAIN BENEFICIARY.

     A direction in a will that the residue of testatrix's estate be "placed" in the hands of her trustee, and "bestowed" as he may "wisely direct," creates a trust which is invalid for want of a defined beneficiary entitled to enforce its execution.

Application for probate of the will of Jane Foley, deceased.

*Booraem, Hamilton & Beckett,* for proponent. *Edward J. Knauer,* special guardian.

RANSOM, S. Issue is raised by the special guardian that the residuary clause of testatrix's will is invalid, and that as to the residuum she died intestate. The clause of the will in question is as follows: "And that the residue of my estate be placed in the hands of the aforesaid Rev. Charles H. Colton, pastor of St. Stephen's Church, in East 29th street, city of New York, to be bestowed in a manner which he may wisely direct." It is not contended that the above provision creates a valid trust. The proponent claims that no trust has been created, and that the legatee takes the residue absolutely.

A leading case, and one cited with approval by the court of appeals of this state, (*Foose* v. *Whitmore,* 82 N. Y. 405,) states the rule thus: That "the real question always is whether the wish or desire or recommendation that is expressed by the testator is meant to govern the conduct of the party to whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of the discretion of the party, leaving it, however, to the party to exercise his own discretion." *Williams* v. *Williams,* 1 Sim. (N. S.) 358. The intention of the testator must govern, and for this the context of the will must be looked to, first to ascertain his wishes, and then to see whether he intended to impose an obligation on his legatee to carry them into effect; or, having expressed his wishes, he intended to leave it to

the legatee to act on them or not, in his discretion. *Foose* v. *Whitmore, supra,* The language of the clause in question shows an undoubted intention on the part of the testatrix to create a trust, probably for charitable purposes, leaving to the discretion of the trustee to whose benefit, and in what manner, the fund should be applied, and not whether it should be applied. The accepted meaning and understanding of the verb employed in the clause indicates this. To bestow is to give, confer, impart, not to the trustee, but to some one or some object he may "wisely direct." Had the testatrix added to the clause the designation of a *cestui que trust,* it could not be seriously contended that a valid trust had not been created.

The learned counsel for proponent relies upon the case of *Willets* v. *Willets,* 35 Hun, 401. He failed to discover that this case was reversed by the court of appeals, and reported in 103 N. Y. 650, *mem.,* on the opinion of ANDREWS, J., at special term. The language of the will in that case was as follows: "I do give and bequeath to my son, * * * my friends, * * * and my nephew, * * * and my son-in-law, * * * the sum of one hundred thousand dollars, relying upon them to dispose of the same for the benefit of such charitable and benevolent and educational purposes as they shall judge will most promote the comfort and improve the condition of the poor, or, in case any of my descendants should become poor and needy, then to apply in whole or in part to such descendants." This was held by the general term to be an absolute gift to these persons. ANDREWS, J., in his opinion, says: "With regard to the ninth bequest, I am unable to concur in the views of the counsel for the executors and legatees named in the provision of the will therein referred to. As was said by the court in reference to a similar provision in a will, it is an attempt to create a trust not authorized by the laws of this state. *Lefevre* v. *Lefevre,* 2 Thomp. & C. 341. It seems to me that the intention of the testator is clear. He leaves $100,000 to the seven persons named, who are to take and hold the money, not severally, but jointly, and apply it, in their discretion, to the uses and purposes mentioned. The money, or such part of it as shall not be so applied during the lives of all seven, is to go to the survivors, and, if any shall remain so long unapplied, to the sole survivor. It is true that it has been frequently decided that expressions in a will importing recommendation, hope, confidence, and desire do not raise a trust. The numerous cases to this effect are collected in Leading Cases in Equity, volume 2, pp. 1833–1866, [*Harding* v. *Glyn.*] It will be found, however, upon examination, that all these cases are of a class different from that to which the one under consideration belongs. They are cases in which it was entirely clear that the testator intended that the devisees or legatees named in the will should receive the property to their own use, accompanied by recommendations or suggestions that some of the provisions should afterwards, in the discretion of the devisee or legatee, be made for some other person or persons. In many cases the testator merely intimates how it would be agreeable to him to have the property disposed of upon the death of the devisee or legatee. In many others the property is given absolutely to the devisee or legatee, with a suggestion or hint that something should be given to other relatives or friends of the testator. In the present case, it is apparent that the testator did not intend to bequeath the $100,000 to the seven persons named for their own use, but to make them the medium through which the $100,000 should be distributed to others. The words 'survivors or survivor' do not refer to the date of the testator's death. Where a devise or bequest is made to several persons absolutely, those words do not often refer to the date of the testator's death, and of course indicate that the property devised or bequeathed is to go to the persons or person who survives the testator. The will cannot be so construed in the present case. Aside from the evident intent to make provision for the benefit of the poor, or for his descendants who might at some remote period become poor and needy, it is hardly possible that the testator,

who was well advanced in years when his will was executed, should have thought it possible that all the seven but one might die before him, or have deemed it necessary to provide for the contingency by bequeathing the money to the 'survivors,' if that word had reference to his own decease. The invalidity of provisions of the kind in question is well established: *Levy* v. *Levy*, 33 N. Y. 97; *Bascom* v. *Albertson*, 34 N. Y. 584; *Lefevre* v. *Lefevre*, 2 Thomp. & C. 341; *In re Abbott*, 3 Redf. Sur. 303. And I am of the opinion that the bequest is invalid, and that the $100,000 must go to and form part of the residuary estate." See Court of Appeals Cases, vol. 38, 1886.

In *Phillips* v. *Phillips*, 112 N. Y. 197, 19 N. E. Rep. 411, it is said that the primary question in every case is the intention of the testator, and whether, in the use of precatory words, he meant merely to advise or influence the discretion of the devisee, or himself to control or direct the disposition intended. The provision of the will construed in the above case was as follows: "If she [the executrix] find it always convenient to pay my sister Caroline Buck the sum of three hundred dollars a year, and also to give my brother, Edwin W., during his life, the interest on ten thousand dollars, or seven hundred dollars per year, I wish it to be done." The court held that the testator meant to charge upon the gift to the wife the annuities to his sister and brother, provided only that their payment should not occasion her inconvenience. How much stronger the language of the will in question is than the above. The testatrix directs her estate to be "placed" in the hands of the trustee, and "bestowed" as he may "wisely direct." The discretion lodged in him relates to the manner, and to whom, the residuary estate shall be bestowed. I hold, therefore, that a trust has been created by the provision of the will in question, which, however, is invalid because of the absence of a defined beneficiary entitled to enforce its execution. *Holland* v. *Alcock*, 108 N. Y. 312, 16 N. E. Rep. 305; *Prichard* v. *Thompson*, 95 N. Y. 76. My decision in *Re Van Swearingen*,[1] is not in conflict with the decision herein. There the language of the will, "to dispose of as they may deem proper," is clearly precatory, and expressive only of the testator's belief, wish, and recommendation. This testatrix, as to the residuary estate, died intestate. Submit decree admitting the will to probate, and in accordance with the above decision.

---

[1] The opinion referred to, filed October 26, 1888, is as follows: RANSOM, S. The question in this case is upon the construction of the residuary clause. Counsel for the next of kin contend that the words, "to dispose of as they may deem proper," following the gift of the residue to A. and B., and the survivor of them, show sufficient indication of the testator's intention to create a trust, even though the objects of it are uncertain, and that, by a well-known rule of law, the bequest falls, and the next of kin should become the beneficial owners, and that, as they are brothers and sisters of decedent, they are not subject to the tax. Counsel for the executors, who are also the residuary legatees, claim that the residuary legatees take an absolute gift, and that the natural construction of the subsequent precatory words is that they express the testator's belief or wish, without imposing a trust, and that the words, "to dispose of as they may deem proper," are much too vague for the creation of a trust, and that the donees should enjoy the gift absolutely. This reasoning of the counsel for the executors would seem to be correct, and an order may be entered confirming the appraiser's report assessing and fixing the tax.