(57 Misc. Rep. 250.)

### BOLLENTIN v. BOLLENTIN et al.

(Supreme Court, Special Term, New York County. December, 1907.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.
Testator declared his wife to be his sole heir, with the free disposal of all his property, with the provision that she should "only be held to leave the same to the children of our marriage when the time comes." *Held* that such provision did not impair the previous absolute gift.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1340–1350.]

Action by Thelka Bollentin against Franz A. R. Bollentin and others to construe a will. Judgment rendered.

Chas. S. Stephenson, for plaintiff.
Frederic C. Scofield, for defendants.

BISCHOFF, J. Action for the judicial construction of the last will and testament of Adam Bollentin, the plaintiff's testator. Hortatory or precatory language in a will is not necessarily the alma vita of a right, and therefore to be given imperative effect. Foose v. Whitmore, 82 N. Y. 405, 37 Am. Rep. 572. The ultimity of construction is the achievement of intention (Central Trust Co. v. Egleston, 185 N. Y. 23, 28, 77 N. E. 989), and certainly repels uncertainty (Campbell v. Beaumont, 91 N. Y. 464; Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291; 30 Am. & Eng. Encyc. of Law [2d. Ed.] 687). The will under review is in the German language and correctly translated as follows:

"I herewith declare my wife Thecla Bollentin as the sole heir of my entire property, consisting of real estate, personal property, share in the business, and whatsoever there may be of which the property is composed. She is to have free disposal of the same, and shall only be held to leave the same to the children of our marriage when the time comes."

It is contended that the language "and shall only be held to leave the same to the children of our marriage when the time comes" has the effect of reducing the apparently absolute gift of the whole estate to the wife into an estate for her life and use, with remainder to the children. This may have been the testator's intention; but the assertion that it was is unsupported by any necessary inference from the language last above quoted. It proceeds upon the veriest surmise or conjecture. It is just as reasonable to say that by "the time" the testator meant his wife's possible remarriage, when she might be above the need of his bounty, her advanced age, when her need of his bounty would be less, or some

other event. What event did the testator intend by "the time"? Who was to determine when "the time" had come, if not the wife? It is to be assumed that the testator knew that his children would succeed to their mother's estate upon her death intestate. Did he intend that she should dispose of the estate to the children by a will in their favor? If by "the time" the testator meant his wife's death, the language "she * * * shall only be held to leave the same to the children of our marriage" is reasonably open to the construction for which the defendants contend. If, on the other hand, the testator may have intended an event other than his wife's death, then it is impossible to say what the particular event intended was, and the later clause of the will must be rejected for uncertainty, thus leaving the earlier clause unimpaired. By the earlier clause the testator constituted his wife his "sole heir"; that is to say, he gave his whole estate to her to the exclusion of all other persons. Later he gave her the "free disposal" of the estate, or, in other words, the right to do therewith as it might please her. Did he thereafter intend to qualify his gift to her by restricting her use of the estate, and require her to preserve it for the children, or to leave it to them by will? He did not himself determine the event upon the happening of which his estate was to descend to his children, and the fair and reasonable inference from the language of the will, reading the later clause with the earlier one, it seems to me, is that the testator meant an absolute gift to his wife of the whole estate, with a suggestion or recommendation to her that, when disposing of the subject-matter of his bounty to her, she should prefer their children to others. Such a suggestion or expression of the testator's hope or expectation was held in the Foose Case, above alluded to, not to be controlling.

A decision and judgment in accordance with the views expressed may be submitted to me for signature upon notice of settlement.

Judgment accordingly.