JEROME B. ROSEBOOM, Respondent, *v.* JOHN D. ROSEBOOM et al., Appellants.

Where an estate is given in one part of a will in clear and decisive terms, such estate cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words of the clause giving the estate.

The will of R. contained this clause : " I give and bequeath my beloved wife, Susan, one-third part of all my property, both real and personal, and to have the control of my farm as long as she remains my widow, * * * and at the death of my wife all my property, both real and personal, to be equally divided between my eight children." In an action for partition of the farm referred to, of which the testator died seized, *held*, that the widow took a fee of one-third of the premises.

(Argued April 30, 1880 ; decided June 8, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment entered upon a decision of the court on trial at Special Term. (Reported below, 15 Hun, 309.)

This action was for the partition of a farm situate in Jefferson county, of which Isaac L. Roseboom died seized.

Plaintiff claimed as grantor of the widow of the deceased a fee in one-third of the premises. The defendants, who are the children of the deceased, claim that, under the will of the deceased, the widow took only a life estate in the one-third.

The provision of the will upon which the controversy hinges is set forth in the opinion.

*L. J. Dorwin* for appellants. The provisions of the will are repugnant to each other. Unless such a construction can be given as will make the provision for the widow consistent,

the latter must prevail over the former. (Jarman on Wills, 411, ch. 16; *Sherrat* v. *Bently*, 2 Mylne & Keen's Ch. 149; 2 Williams on Executors, 925, chap. 2, § 1; Wigram on Wills, part 2, page 29, § 5 under "Intention," page 30; *Smith* v. *Bell*, 6 Pet. 68; *Pond* v. *Berg*, 10 Paige, 140, 152; *Dubois* v. *Ray*, 35 N. Y. 162, 165–6; *Van Ostrand* v. *Moore*, 52 id. 12, 20; *Taggart* v. *Murray*, 53 id. 234, 236; *Hoppock* v. *Tucker*, 59 id. 222.)

*O'Brien & Emerson* for respondent.

Danforth, J. Isaac L. Roseboom died leaving a will containing these words: "I give and bequeath my beloved wife, Susan, one-third part of all my property, both real and personal, and to have the control of my farm as long as she remains my widow, and I wish my son, George, to have the first privilege of carrying on the farm as my wife may see fit and proper, and at the death of my wife all my property, both real and personal, to be equally divided between my eight children." At his death he owned and possessed certain real estate, *i. e.*, the farm referred to; concerning it a controversy has arisen between parties interested therein under the will. Upon this appeal one question only has been presented, viz.: whether Susan, the widow, took a *fee* of one-third, or only a life estate in one-third of the premises. We are, if possible, to ascertain the meaning or intention of the testator; and that discovered, will direct the proper answer. We have nothing to guide us but the will itself.

First. It is obvious that the first clause of the above sentence gives to the testator's wife absolutely in fee one-third part of the property in question; and this is so, although in it heirs are not mentioned. (1 R. S. 748, § 1; *Taggart* v. *Murray*, 53 N. Y. 233.) And had nothing more been written, the remaining two-thirds, including the use or profits of the farm, would have passed, under the statutes regulating descent and distribution of property.

Second. The testator, however, goes further, and adds, "and to have the control of my farm as long as she remains my

widow." These provisions, carried out to the letter, would vest the fee of one-third of the farm in the widow and give to her the use of the whole during her widowhood. At her death, and not before, could the statutes above referred to be enforced. At that time distribution and division could be made between the eight children. Of like effect is the remaining clause of the sentence, viz. : "And at the death of my wife all my property, both real and personal, to be equally divided between my eight children." The word "all" is relied upon as creating an ambiguity. If the testator had said, "all my remaining property," no one would doubt but that the devise under the first clause was absolute, and that it carved out of the estate one-third. That is, I think, its true construction. The testator had in his mind the occasion for words of limitation, he knew their use and meaning, and, as we have seen, applied them, and thereby restricted the control of the farm, so that it should only last until the happening of an event which might occur and produce a limitation short of the widow's natural life. The testator's use of words of limitation in this instance, and his omission to use them in the preceding clause, are circumstances entitled to some weight in getting at his intent. It shows deliberation and design. We cannot imply words which thus appear to have been intentionally omitted. He qualifies and limits the control of the farm, but not the devise of one-third of the property. There was evidently a different intent in regard to it, and this inference is very strong when both directions form part of a single sentence, and, in the absence of controlling words equally strong and clear as those creating the devise, should be held conclusive. I do not find such words in the will. There are none which cut down the absolute gift. The last clause of the sentence, that which directs division of the property, is made coherent and intelligible by applying it to such property as had not been before disposed of. So construed, there is no repugnancy. To his wife he would have given one-third, and to his children the remaining two-thirds of his estate. And in getting at the testator's intent as to the measure of his bounty, we may with propriety consider the relations which had existed between himself and wife, appar-

ently for many years; the affection with which he regarded her (*Taggart* v. *Murray*, *supra*), and which, by an epithet of endearment, has found expression in his will; and conclude that to her, the mother of his eight children and his partner in the labor, industry and economy which had resulted in the accumulation of an estate, the legal title to which was vested in himself alone, he designed to give not the use only, but the absolute right of disposition and full enjoyment of a portion of that estate. So considered, the provisions of the will harmonize, and each has full effect. The residuary clause is not repugnant to the prior gift, and the devise may take effect according to its terms. We thus follow the rule which requires a will to be so construed as to avoid, if possible, all repugnancy, and give effect to all its language. We have here no occasion to depart from it; the two clauses are not irreconcilable, and there is no occasion, therefore, to reject one in order to uphold the other — a desperate remedy, and to be resorted to only in case of necessity — so that one rather than both provisions should fail. (*Trustees, etc.,* v. *Kellogg,* 16 N. Y. 83; *Van Nostrand* v. *Moore,* 52 id. 20; *Covenhoven* v. *Shuler,* 2 Paige, 122.) This case is within the rule stated by the Lord Chancellor in *Thornhill* v. *Hall* (2 Clark & Fin. 22), as one which admits of no exception in the construction of written instruments, that where one estate is given in one part of an instrument in clear and decisive terms, such estate cannot be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate.

The learned counsel for the appellant has brought together from the text books and the reports many citations in support of a different view of the question before us. It would be difficult to reconcile them all; yet the principle upon which they stand may be conceded to have been correctly stated, but no case, in its facts and the law applicable thereto, is contrary to the rule of construction upon which we place this decision, and the principle to be deduced from many of them is consist-

ent with our conclusion. So far as they hold that "to effectuate the intention of the testator, words and limitations may be transposed, supplied or rejected," they aid one party as well as the other, and leave the question still open; for it must then turn upon the word or sentence to be supplied, and here, in view of the rule above referred to, it seems more consonant with the intention of the testator and with natural justice that the share set apart in explicit terms for his wife should go undiminished, rather than that the bounty to the children should be enlarged at her expense. She was first in his mind at the preparation of the will, and there is no reason to suppose that the affection or motive which prompted the explicit devise of property absolutely to her changed before the close of the sentence which embodied it.

The other cases referred to are not inconsistent with the conclusion reached by the General Term, and its order should, in my opinion, be affirmed.

All concur; except RAPALLO, J., not voting.

Order affirmed, and judgment absolute against defendants on stipulation.