Daniels, J.
The plaintiff is the widow and devisee under the will of Albert L. Gallatin deceased. Her action was brought to determine the title to the house and lot known as 31 East Twenty-second street, in the city of New York. This was owned in his life-time by James Gallatin, who died in the month of May, 1876, and it is under his will that the title to this house and lot, if it has been acquired at all, has been derived. By the judgment recovered it was determined that her husband, Albert L. Gallatin, who was a grandson of James Gallatin, became entitled under the will to this house and lot, and therefore had authority to devise it to the plaintiff in this action. The appealing defendants have contested the construction which for this object has been given to the will, insisting that the property became vested in them under the residuary clause of the will, after the decease of the testator’s grandson, Albert L. Gallatin.
By the testator’s will he devised this house and lot to his widow for the period of her natural life, and after making certain bequests directly to her, directed the payment of an annuity in quarterly installments to her during her natural life, amounting to. the sum of $6,000, and afterwards increased by a codicil to the will, to the sum of $8,000. And all the testator’s real and personal property was made chargeable with the payment of this annuity, resort being first directed to the testator’s personal estate. Subject to this life-estate for the widow, who died in December, 1885, and to the charge of the annuity, the house and lot was devised to the plaintiff’s husband Albert L. Gallatin, by the following paragraph of the testator’s will:
Third. Unto my grandson Albert L. Gallatin I devise my said house and lot 31 East Twenty-second street to him and his heirs and assigns forever, subject hovever to the trust and limitations hereinafter declared. Also subject as afore *325 said to the last-mentioned trust and limitation, I devise unto the said Albert L. Gallatin my house and lot in the city of New York, known as No. 60 West Eleventh street, to have and to hold to him and his heirs forever. Unto my grandson James F. Gallatin I give my two houses and lots, 56 and 58 West Eleventh street, to have and to hold to him and his heirs forever, subject, however, to the trust and limitation hereinafter expressed. And, inasmuch as my two grandsons are minors, and it is my will to defer the possession of the said devisees respectively until they shall attain the age of twenty-five years, I give to the executors of my will the possession of the said devised lands in trust to let the same and apply the income to the use of my said grandsons respectively, until they shall severally attain the full age of twenty-five years, and that any surplus in their hands not needed for the education and maintenance of my grandchildren respectively, shall be accumulated while under the age of twenty-one years, for their use respectively when the accumulation shall be paid over with power to the said executors to make insurances against fire and needed alterations, improvements and repairs, at the charge of the property held in trust. The language of the devise is clear and positive that the title should vest absolutely in him, his heirs and assigns forever. This direction was qualified only by subjecting it to the “trust and limitations ” thereafter declared. To authorize the judgment, it has been held that this phrase related only to the “trust and limitations” contained in this paragraph of the will. While in support of the position taken in favor of the appellants, it is urged upon the consideration of the court, that in case Albert L. Gallatin died without issue, as he did during the life-time of his mother, even though he had then attained an age, exceeding the age of twenty-five years, by the residuary paragraph contained in the will, his title was divested, and afterwards given to the children of the testator’s deceased brother Albert B. Gallatin and their issue, or in default of issue, to the survivor or survivors of such children.
The language employed in framing the will was not made use of in literal strictness. That is disclosed by the phraseology of the third paragraph relating to the “trusts and limitations ” to which the devise to Albert L. Gallatin was declared to be made. For, in referring to the same subject, immediately afterwards, the phrase employed is “trusts and limitations,” and that is again afterwards repeated in this paragraph. What the testator appears to have designed by the use of these words is, therefore, no more than a single trust and limitation, affecting this devise. And such a trust and limitation is declared after- *326 wards in the paragraph itself, and that is as the two grandsons intended to be provided for were minors, that their possession of the property devised respectively to them should be postponed until the attainment by each of the age of twenty-five years, during which time, and after the decease of the widow, the executors were vested with the possession of the land in trust, to rent the same and collect and apply the issues of the rents and income to the use of the respective devisees until the attainment of the ,age of twenty-five years, and the accumulation of any surplus not required for that object until the age of twenty-one years, when it was directed to be paid over respectively to the devisees entitled to receive it. This trust and limitation answered the phrase made use of by the testator to affect and qualify the devise of this property, and was most probably all that he intended to include within the operation and effect of these words. This intention is further evinced by the circumstance that the fourth paragraph of the will includes only all the rest, residue and remainder of the estate-of the testator, real and personal, and it proceeds upon the theory that in the course of the events, which followed his decease, this house and lot had been effectually devised by the third paragraph. And that rest, residue and remainder was made subject to conditions and limitations expressed and declared in the same paragraph. By this portion of the will, this rest, residue and remainder, was given to these two grandsons, their heirs, etc., but subject to the conditions and limitations afterwards mentioned.
And in mentioning those conditions and limitations, the testator seems to have distinguished between the devises made by the fourth paragraph and that which he had previously made by the preceding paragraph, for he declared “that this devise, and the devises of my land, to them shall be charged in aid of my personal estate in securing the annuity to my wife.” A like charge also having been made in tne first paragraph of the will. And then followed the direction that in case either of the grandsons should die without issue during the life of their mother, his share should survive to his brother, and if both should die without issue, then the property should vest in the children of his deceased brother, Albert R. Gallatin.
What the testator intended to effect by these paragraphs was the shares in the residue and remainer of his estate, excluding the property mentioned in the third paragraph, forming no part of these shares, and that he in like manner committed to his executors as trustees until his grandsons should respectively attain the age of twenty-five years, and they were given full power to manage and deal with the property while his grandsons should respectively be *327 under that age. If this fourth paragraph had been designed to include the house and lot on East Twenty-second street, there was no occasion for inserting the direction as to the possession of the executors, and postponement of the right of possession of the di visees in the third paragraph. For if the fourth paragraph included this preceding portion of the estate of the testator, then the direction as to the authority of the executors and postponement of possession in that paragraph would contain all that could be required for the purposes of carrying out the testator’s designs as to. the future disposition of his property. There would then have been neither necessity nor propriety, for the insertion of the same direction as to the possession by the executors of the lands devised in the third paragraph of the will.
The last sentence of the fourth paragraph, requiring the grandsons, after the attainment of the age entitling them to possession, and the decease of the widow, to give a schedule and inventory of the property to the devisees over, for convenience and security, does not conflict with the effect which it has already been indicated should be given to these clauses in the will. For as the fourth paragraph in the disposition of the rest, residue and remainder of the estate acted upon and included no more than that which remained undisposed of by the preceding provisions, this obligation to deliver a schedule and inventory will apply only to the property in this subdivision of the will.
By the third paragraph, this house and lot was completely and absolutely disposed of, subject only to the trust and limitation afterwards mentioned in that paragraph. And as it was disposed of in this manner, that disposition, under the settled rules of construction, will not be changed by the effect of what appears to be at most, no more than uncertain and ambiguous expressions, really disclosing no intention to add to the directions previously given for the disposition of this property. The inclination of the courts is to give such a construction to the will of a testator, where that can reasonably be done, as will vest the title to the property devised. This will is readily capable of that construction, and no words or phrase afterwards inserted in it, discloses an intention to change the other directions, or to subject this particular property to any further trust or limitation than that previously expressed. And according to the rule maintained by Stevenson v. Lesley (70 N. Y., 515), and Roseboom v. Roseboom (81 N. Y., 356), the title of Albert L. Gallatin to this house and lot, became fixed and vested, and was legally capable of being devised by him through the instrumentality of his will to his widow, the plaintiff in this action.
By a clause inserted in the judgment, the plaintiff recovered costs in the action with a further allowance of $300. *328 The defendant, the New York Life Insurance Company, also-recovered its costs with an allowance of $150, payable out of the funds and property held by the Trust Company as trustee under a trust created by an instrument executed by the defendant, James F. Gallatin. These costs and allowances are complained of as being unjust by the other parties interested in the estate of the testator, and as the entire controversy in the action related to the title to this house and lot, No. 31 East Twenty-second street, and the estate generally could be in no way benefited by the adjudication of that controversy, the direction for the payment of the costs and allowances is not well supported by the facts, the costs excluding the allowances they should be limited for their source of payment, to the rents, income and profits of this particular property. In that respect, the judgment should be modified by refusing the allowances, and directing the payment of the costs out of the property in controversy, and as modified, affirmed without costs of appeal to either party.
Van Brunt, P. J., and Brady, J., concur.