"It would not, we think, comport with the spirit of the Constitution, to allow a portion of a town, or of a county, not constituting either a city or a village, to be dissevered for local judicial purposes, from the rest, leaving it a unit for all other purposes of civil government."

In People ex rel. Burby v. Howland, 155 N. Y. 270, 49 N. E. 775, 41 L. R. A. 838, the Court of Appeals, by a divided court, held the provisions of the act creating a police justice in the town of Ft. Edward to be unconstitutional, in so far as it deprived the justices of the peace of the power to enforce the criminal law and prohibited all peace officers from serving process or executing commitments issued by the justices of the peace. The law, in so far as it created the office of police justice, was not declared to be unconstitutional, for the reason that that question was not before the court.

I have found no case holding the creation of a police justice for a town, to whom is given criminal jurisdiction only within its territorial limits, to be unconstitutional. If this act is to be declared unconstitutional, it can only be done by holding that the word "local" means some territorial division less than a town; or, in other words, that local courts of inferior jurisdiction can only be created in cities and villages. The courts have not as yet so held, but in many of the cases the reasoning used would lead to that conclusion.

The act under consideration (chapter 31, p. 50, Laws 1861), in so far as it vests in the police justice of the town of Saugerties exclusive jurisdiction to hear and determine all criminal cases, is unconstitutional. By striking from the act the unconstitutional provisions, there still remains a court created, having concurrent jurisdiction with justices of the peace in criminal matters only. This court, thus created, does not fulfill the general purposes of any constitutional court. It supersedes no court. In one respect, only, it is auxiliary to the courts held by justices of the peace, viz., in the disposition of criminal business. Its territorial bounds conform to one of the units of government defined by the Constitution. It is inferior to the courts held by justices of the peace, because it has less power; and, finally, the Constitution has not denied the Legislature the power to create this court, either directly or by necessary implication.

I shall therefore hold that this court is a local court of inferior jurisdiction within the power of the Legislature to create.

Writ dismissed, and relator remanded.

---

(63 Misc. Rep. 161.)

## In re KOUWENHOVEN.

(Surrogate's Court, Kings County. April, 1909.)

1. WILLS (§ 732*)—CONSTRUCTION—PAYMENT OF LEGACIES.

Where testator devised and bequeathed to his children in equal shares all the residue of his estate, and his property was such as to show an intent that the realty should be charged with the payment of specific legacies amounting to $100,000 on deficiency of the personal assets, a subse-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

quent clause, providing that in such contingency the children should take the residuary estate in other specified proportions, must be disregarded. ·

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1803; Dec. Dig. § 732.*]

2. Wills (§ 732*)—Payment of Specific Legacies—Rentals.

Where a will gives an executor full power to lease or convey testator's real estate, rentals received are applicable to the specific legacies.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1806; Dec. Dig. § 732.*]

In the matter of the judicial settlement of William H. Kouwenhoven, executor of Anthony Carey, deceased. Decree rendered.

Van Wyck & Mygatt, for petitioner.

KETCHAM, S. Upon the settlement of the executor's account it becomes necessary to determine whether certain specific legacies were charged upon both personal and real estate.

The will contains six legacies, amounting to $100,000. It then proceeds:

"Seventh. All the rest, residue and remainder of my property and estate I give, devise and bequeath to my children equally.

"Eighth. If my estate should not be sufficient to pay these legacies I direct that my children share in my residuary estate in the proportions as follows, namely, John and Joseph one fifth each and each of the others one tenth.

"Ninth. I give my executors or executor for the time being full power and authority to sell and convey or lease any or all of my real estate."

Under the power to lease, the executor has received rentals, the disposition of which requires the determination of the question above stated. The testator's holdings of real and personal estate at the time when the will was made were such as to demonstrate an intention that the lands were to be devoted to these legacies, in so far as the personal estate was insufficient for the purpose, unless such intention is forbidden by the eighth paragraph, quoted supra.

The rule which is stated as one which admits of no exception in the construction of written instruments is that:

"Where an estate is given in one part of an instrument in clear and decisive terms, such estate cannot be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as words of the clause giving that estate." Roseboom v. Roseboom, 81 N. Y. 356, 359.

In Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11, it is said:

"Where there is primarily a clear and certain devise of a fee, about which the testamentary intention is obvious and without ambiguity, the estate thus given will not be cut down or lessened by subsequent words which are ambiguous or of doubtful meaning. If a slight circumstance or a slender reason will in ordinary cases prevent the application of the general rule [that words referring to 'death' are construed to mean 'death during the lifetime of the testator'], the circumstance or the reason must be strong and decisive where the construction collides with a plain devise in fee, and forces a change of its terms by cutting it down to a lesser estate. We do not easily trade a certainty for a doubt.

*For other cases see same topic & § number in Dec. &.Am. Digs. 1907 to date, & Rep'r Indexes

Under the rule stated in these cases, the eighth paragraph must be disregarded. Grammatically, it contains nothing of a dispositive character, since it only affects to dispose of a residue in case there is none. If it were sought to import into this paragraph a meaning which its terms refuse to yield, any effort to make use of such constructive meaning to cut down the clear and precise gift of the residue contained in the seventh paragraph would be forbidden by the cases cited.

So far as personal property was inadequate for the payment of the legacies, the testator charged the same upon his real estate, and the decree should provide that the rentals which the executor has received under the power given to him by the will be applied to the payment of the legacies.

Decreed accordingly.