Matter of the Petition of MINNIE G. CRAWFORD, to Render and Settle Her Account as Executrix of the Will of CHARLES L. CRAWFORD, Deceased.

(Surrogate's Court, Kings County, March, 1917.)

Wills — devise contained in — power of sale — gifts — when wife entitled to residuary estate.

> Where testator devised and bequeathed all the rest, residue and remainder of his estate to his wife with the express wish and desire that she use and enjoy only the income and not dispose of any portion of the principal by will, except to their daughter, the wife, who was appointed executrix with a discretionary power of sale over testator's real estate, takes an absolute gift.

PROCEEDING upon the judicial settlement of the account of an executrix.

Cullen & Dykman (Francis L. Archer, of counsel), for the executrix.

Abram Greenberg, for Mary C. Cook.

KETCHAM, S. The settlement of this account depends upon the meaning of the following paragraph of decedent's will:

" *Fourth.* All the rest, residue and remainder of my estate, both real and personal and wheresoever situ-

Misc.]    Surrogate's Court, Kings County, March, 1917.

ated, I give, devise and bequeath to my wife, Minnie G. Crawford, with the express wish and desire that she use and enjoy only the income thereof, and that she do not dispose by Will of any portion of the principal thereof to any one except my said daughter, it being my desire that the unexpended balance of the principal of the above devise and bequest shall become the property of my daughter upon the death of my said wife.''

By subsequent paragraphs the wife is appointed as executrix and is given discretionary power of sale over the testator's real estate.

The wife contends that the 4th paragraph contains an absolute devise to her. Against this, the daughter's only claim is that the devise is subject to a trust in her behalf pursuant to which she is entitled to the unexpended balance of the principal estate upon her mother's death.

Gifts qualified by words of desire have been found to be subject to a trust or charge, but no case has come to the attention of the court in which such finding has been impressed upon language contemplating a use or application of the subject of the gift during the life of the devisee. *Phillips* v. *Phillips,* 112 N. Y. 197; *Collister* v. *Fassitt,* 163 id. 281. See *Post* v. *Moore,* 181 id. 15, distinguishing the *Collister* case.

The theory of an absolute gift is not encouraged by the power of sale, since no such power would be necessary if an estate in fee for the wife was intended, but the provision containing this power, even though useless, is not repugnant to the express devise with which the 4th paragraph opens. It may not agree with it but it certainly does not contradict it.

The exhortation to the wife that she use and enjoy only the income and that she do not dispose of the principal by will to any one except the daughter, does not cut down or impair the gift nor is it cut down or

27

impaired by the expression of a desire that the unexpended balance shall become the property of the daughter upon the wife's death.

The gift once made to the wife in clear terms is followed only by precatory suggestions wholly consistent with the gift. There are many cases in which like gifts, though qualified by the testator's wish, have been declared absolute. While those have not dealt with language precisely like that of the will now under examination, many of them arose upon wills more hostile to the theory of an absolute devise than is the instrument at bar. *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Clarke* v. *Leupp,* 88 id. 228; *Campbell* v. *Beaumont,* 91 id. 464; *Matter of Gardner,* 140 id. 122; *Benson* v. *Corbin,* 145 id. 351; *Post* v. *Moore,* 181 id. 15; *Matter of Griffin,* 75 Misc. Rep. 441. The wife is entitled to the residuary estate.

Decreed accordingly.