LINDA E. WEBER, Plaintiff, *v.* GOTTLIEB KRESS, Defendant.

Fourth Department, November 23, 1921.

Wills — construction — positive provision in will devising entire estate not affected by qualifying words in subsequent clause merely expressing desire that house be kept as home for devisee.

An absolute title in fee simple to the entire estate passes to the devisee under a will which evinces in one clause a clear and distinct purpose on the part of the testatrix to give to the devisee all her property absolutely after the debts and funeral expenses have been paid, and a subsequent clause merely expresses a wish that a certain house be kept to insure the devisee a home to live in.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*William C. Kohlmetz,* for the plaintiff.

*Hugh J. Maguire,* for the defendant.

CLARK, J.:

This action was submitted on an agreed statement of facts. One Emilia Weber, a resident of Rochester, N. Y., died in

that city July 26, 1909, leaving a will, which was probated in the Surrogate's Court of Monroe county on or about September 16, 1909. The testatrix left her surviving this plaintiff, who is her only heir at law and next of kin, and who is of full age and unmarried.

By the 1st clause of the will of Emilia Weber she directed that her debts and funeral expenses be paid, and provided for the erection at her grave of a suitable monument. The 2d clause of the will is as follows:

" *Second.* After my said debts and funeral expenses as above provided have been paid, I give, devise and bequeath unto my daughter, Linda E. Weber, all my estate and property, both real and personal, wheresoever situate, or in whatever form it may be, to be hers absolutely."

By the 3d clause of the will it is provided that in the event of the death of the daughter (this plaintiff) before the death of the testatrix, leaving issue, then all of the property was to go to the children of the daughter share and share alike.

By the 5th clause of the will it was provided that in the event of the marriage of the daughter (this plaintiff) before she should arrive at the age of twenty-one years, the guardian of the daughter, who was appointed by the 4th clause of the will, upon the marriage of the daughter should pay her the sum of $500, the balance of the property to remain in his hands as such guardian, to be turned over to the daughter when she should arrive at the age of twenty-one years.

The 8th clause of the will is as follows: " It is my will that my house and lot, No. 23 Carl Street in the city of Rochester, N. Y., shall not be sold until after the death of my said daughter, Linda; it being my wish that my said house be kept as a home for my said daughter and only to be sold in the event of her death before she shall arrive at the age of twenty-one years."

By the 9th clause the executor named in the will was given full power to sell and convey any and all of the real estate of which testatrix died seized, provided it was necessary to make such sale under the provisions of the will.

The only real property left by decedent at her death was the house and lot at No. 23 Carl street, Rochester, referred to in the 8th clause of the will.

On or about the 15th of May, 1919, plaintiff contracted to sell to the defendant the house and lot above referred to. The defendant has refused to complete the purchase, claiming that plaintiff has not good title to the property, but that the 8th clause of the will above quoted qualifies and reduces the estate granted to plaintiff by the 2d clause, and that consequently plaintiff had no legal title to the premises.

This controversy, therefore, involves the construction of the will of testatrix, and particularly the 2d and 8th clauses thereof.

The intention of the testatrix should be carried out if it can be ascertained, and the intention must be gathered from the entire instrument and not from any isolated sections thereof. That being so, it is our opinion that it was the intention of testatrix to give to the daughter an absolute title in fee simple to all of her property, including the real estate in question, and that the 8th clause of said will does not operate to reduce or qualify the estate granted by the 2d clause of the will. That clause evinces a clear and distinct purpose on the part of testatrix to give to her daughter (this plaintiff) all of her property, real and personal, absolutely, after her debts and funeral expenses had been paid. The 8th clause merely evinces a wish that the real estate in question be kept to insure the daughter a home to live in. It is merely the expression of a wish or desire to have the property kept as a home for the daughter, but it would be ineffectual to reduce the devise in the 2d clause of the will from an absolute gift of the property to a mere life estate.

When an estate is given in one part of a will in terms which are clear and positive, such estate cannot be cut down by a subsequent clause of the will where the words are less clear than the words of the prior clause giving the estate.

In *Roseboom* v. *Roseboom* (81 N. Y. 356) the will contained a clause as follows: " I give and bequeath my beloved wife, Susan, one-third part of all my property, both real and personal, and to have the control of my farm as long as she remains my widow,  *  *  *  and at the death of my wife all my property, both real and personal, to be equally divided between my eight children."

The court held that the widow took a fee of one-third of the

premises; that the testator by a subsequent claim limited the control of the farm, but not the devise of one-third of his property.

In *Matter of Fredenburg* (114 Misc. Rep. 299) the court held that where an estate was given in one part of a will in clear and decisive terms, it could not be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause, nor by any subsequent words which are not as clear and decisive as the words granting the estate. (*Roseboom* v. *Roseboom*, 81 N. Y. 359; *Matter of Gardner*, 140 id. 122; *Clay* v. *Wood*, 153 id. 134; *Adams* v. *Massey*, 184 id. 62.)

In the latter case the court said: The rule " that where clauses [in a will] are antagonistic the later must stand as the last expression of intention, * * * is never applied unless the last clause is as clear as the first, and cannot be reconciled therewith." (See, also, 40 Cyc. 1416, 1417.)

The 8th clause of the will in question is certainly not as clear and decisive as the 2d clause. The 2d clause evinces a purpose absolute and positive to give title to all testatrix's property to the daughter, while the 8th clause merely expresses a wish that the house referred to be kept as a home for the daughter. That would not abrogate or supersede the prior positive gift of title.

In *Matter of Crawford* (99 Misc. Rep. 416) a testator devised and bequeathed " all the rest, residue and remainder " of his estate to his wife with the express wish and desire that she use and enjoy only the income, and not dispose of any portion of the principal by will, except to their daughter. It was held that the wife took an absolute gift.

Reading the will of this testatrix as a whole, the conclusion is irresistible that it was her purpose to give to her daughter absolute title to all of her property, both real and personal, after her debts and funeral expenses were paid. The language of the 2d clause of the will admits of no other construction. The qualifying words in the 8th clause merely express a desire or wish that the house and lot therein referred to, and which is the subject of this litigation, shall be kept as a home for the daughter.

In our opinion that would not operate to modify or reduce the gift of an absolute title as provided for in the 2d clause

of the will. It is our conclusion, therefore, that by the provisions of the will of Emilia Weber, this plaintiff, her only child and heir, took an absolute title in fee simple to the premises in question, and that she can give good title thereto.

No costs are allowed to either party on this submission.

All concur.

Judgment directed in favor of the plaintiff upon the submission, without costs.