LIZZIE OTTMAN, as Surviving Executrix, etc., of JACOB ALLTER, Deceased, Respondent, *v.* HERBERT D. ALLTER, Appellant.

Third Department, March 4, 1925.

Wills — construction — will devised store to named devisees absolutely — subsequent expressions referring to conduct of business by executors does not cut down estate — provision that certain members of family are to have groceries from store without charge is of no effect — executors after debts of estate were paid had no interest in store and cannot maintain action to recover for goods sold to defendant and for store money advanced to him.

A devise of a building including a store and the goods, wares and merchandise contained therein absolutely in fee simple is not cut down or in any wise affected by a provision in the will from which it may be inferred that it was the wish of the testator that the business should be conducted by his executors. A further provision in the will to the effect that certain members of the family shall be given such groceries as they may need from the store so long as it is conducted by the devisees, without charge, is of no effect whatever.

Accordingly, the executors after the debts of the estate were paid, had no interest in the store and, therefore, the surviving executor cannot maintain this action to recover for goods which the defendant procured from the store and for store money advanced to the defendant.

APPEAL by the defendant, Herbert D. Allter, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 17th day of June, 1924, upon the decision of the court rendered after a trial at the Montgomery Trial Term before the court without a jury.

The paragraph of the will, the construction of which is required in this case, is as follows:

"*Fourth.* I give, devise and bequeath unto my brother Wesley Allter one equal undivided one-half part or share of my lot of land, stores and buildings, and barn thereon, situate on the corner of North Division Street and West Main Street in the said village and town of St. Johnsville, in the county of Montgomery and State of New York now occupied by myself and John H. Gammond, also

one equal undivided one-half part, share or interest of, in and to my stock of goods, wares and merchandise, contained in my said store, and one-half of all my book accounts, accounts receivable, and notes belonging to my said business, to have and to hold the same in absolute fee forever.   The other equal undivided one-half of my said lot of land and store buildings and barn thereon situate on the corner of North Division Street, and West Main Street, aforesaid in said Village of St. Johnsville, Montgomery County, New York, my stock of goods, wares and merchandise of every name and kind contained in my said store or belonging thereto, together with the other one-half part or share of, in and to my book accounts, bills receivable and notes belonging to my said business, I give, devise and bequeath unto my said daughter Lizzie Ottman, and unto my said son Lloyd C. Allter, and to their heirs and assigns to have and to hold the same forever, share and share alike, in fee simple, provided, nevertheless, and it is further my will that all my book accounts bills receivable and notes owned by me and belonging to my said business, when paid or collected, be employed used and continued in my said business as a part of the capital stock thereof by my executors hereinafter named.   I also hereby give and bequeath unto my said brother Wesley Allter, and unto my said daughter Lizzie, and unto my said son Lloyd a certain real estate mortgage which I hold against the property of Julia Walrath of the town of Minden, New York, and the amount of Money arising therefrom, when paid or collected to be employed used and invested as capital stock in my said store, and put into the business, and continued therein in the same manner as the money from my book accounts, bills receivable and notes, and become a part of the capital stock of said business and one-half thereof belong to my said brother Wesley Allter and the other one-half thereof to my said children, and it is further my will and I hereby order and direct that my family consisting of my said wife, my said daughter Lizzie, my son Lloyd, and the husband of my said daughter, have and receive any and all trade groceries and provisions necessary for their support and living, and each of them as my family out of my store in common with the family of my said brother Wesley Allter, as the custom in respect thereto now is, and has been for a long time without any charge, or accounting therefor for the same during all the time my said grocery business and store shall be continued by my said brother Wesley, and my children, and it is further my will that my said brother Wesley Allter shall not during such time as said business shall be carried on and continued by him and my said children, take in as partners

6

in said business, or employ therein as clerk or in any other capacity, either Walter VanDeusen or Wesley A. VanDeusen."

*Edward R. Hall,* for the appellant.

*William J. Crangle [Charles E. Hardies* of counsel], for the respondent.

VAN KIRK, J.:

This action is to recover (1) for groceries and goods alleged to have been sold to the defendant by plaintiff between March 12, 1907, and March 10, 1923; (2) for certain insurance premiums alleged to have been paid by plaintiff for defendant at his request. The answer, after denials that defendant purchased any goods from plaintiff and that he had made any payment on the account therefor and that he requested plaintiff to pay for him any insurance premiums, (1) sets forth the six-year Statute of Limitations, and (2), after alleging the death of Jacob Allter June 18, 1904, the admission of his will to probate, the issuing of letters testamentary to Wesley Allter and the plaintiff who duly qualified and ever since had acted as such executors until the death of Wesley Allter February 26, 1923, sets forth the 4th paragraph of the will of Jacob Allter, with allegations that he received the groceries and provisions charged against him in accordance with instructions in the will contained. The denials raise the decisive issue in this case, whether defendant is indebted to plaintiff on account of either cause of action stated. There is here no question of improper parties plaintiff, nor of improper joinder of parties.

At the beginning of the trial defendant's counsel stated: " The payments, Statute of Limitations and the construction of the will is [are] in question here," and thereupon it was stipulated that the items of account furnished in this case to the defendant's attorneys are correct except as to the payments credited and except as to the liability under the provisions of the last will and testament of the deceased.

The defendant claims that, after the death of Jacob Allter, the store business was conducted by Wesley Allter, Lizzie Ottman and Lloyd Ottman as copartners. The will of Jacob Allter, paragraph 4 (quoted in full in statement above), gives the entire store property, real and personal, including " book accounts, bills receivable and notes," one-half to his brother Wesley and the other half to his daughter and son, share and share alike, " to have and to hold the same in absolute fee forever," or as again expressed " in fee simple." Here is an absolute devise and bequest. Such a devise and bequest, given in clear and decisive terms, cannot be cut down by other provisions of the will unless the words used unmistakably show

that such was the intention of the testator; the words must be as clear and decisive as those used in giving the estate. (*Roseboom* v. *Roseboom*, 81 N. Y. 356, 359; *Clay* v. *Wood*, 153 id. 134, 140; *Tillman* v. *Ogren*, 227 id. 495, 505.) In the will in the instant case we find no expressions showing an intent that the title given to the legatees and devisees should be less than the absolute fee simple expressed. No interest in the store property, real or personal, was to remain in the estate of the testator. There is no attempt in respect to this property to reserve for, or to give to, the executors, or to any other person, any interest in this property, or control over it. The clause " provided, nevertheless, and it is further my will that all my book accounts bills receivable and notes owned by me and belonging to my said business, when paid or collected, be employed used and continued in my said business as a part of the capital stock thereof by my executors hereinafter named " expresses merely an expectation or advice that the business should be continued and that the proceeds of his accounts, bills receivable and notes should be replaced in the business by his executors. He evidently conceived that this accomplishment was a part of the administration of his estate. But we find no " clear and decisive " terms directing his executors after his death to conduct this business, which he had given absolutely and forever to his legatees. On the contrary, he later says that, after the proceeds of the book accounts, bills receivable and notes and of a certain mortgage have become a part of the capital stock of said business, " one-half thereof [shall] belong to my said brother Wesley Allter and the other one-half thereof to my said children." Also later he limited the period during which his family and the family of his brother Wesley shall have necessary groceries without charge in the words " during all the time my said grocery business and store shall be continued by my said brother Wesley and my children." His use of the possessive forms was due to the facts existing when he made his will, but he intended that his business after his death should be owned and managed " by my said brother Wesley and my children." After a gift in absolute fee it is not possible for a testator to control the use of the property after his death. All the expressions in the will indicating a thought of control must be considered as advisory or precatory. Jacob Allter died in June, 1904; his will was proved, his executors qualified and presumably all of his debts and obligations were long since paid, or are barred by the Statute of Limitations. The executors of the will of Jacob Allter had no interest in the store property and business after the debts and obligations of Jacob Allter were paid. The profits from the grocery business did not belong to the estate of Jacob Allter, nor were the

debts of that business debts of his estate. The expressions in the will of Jacob Allter, allowing the members of his family and of the family of Wesley Allter to have goods and provisions from the store without charge, are of no effect.

The statement in defendant's answer, that the goods sued for were the same as the goods "which the defendant received from the said executors under the provision of the said last will and testament and not otherwise," cannot affect the construction of the will. Evidently the parties and the court have treated the claim alleged in the second cause of action as a store transaction and presumably, if sums of money were advanced to defendant, they were store moneys.

There has been marked confusion in the minds of the parties as to their respective rights and the disposition of the property of Jacob Allter by his will. The pleadings are not appropriate for the winding up of a partnership. The court is not called upon under these pleadings or upon the record to determine the respective interests and rights of those parties who own the store property, further than to say that, under the will of Jacob Allter, the two children of Jacob Allter and Wesley Allter became the absolute owners of the store property, real and personal, and, after the debts of Jacob Allter were settled, his executors had no right or interest therein.

The judgment should be reversed and the complaint dismissed, with costs.

All concur.

Judgment reversed on the law and complaint dismissed, with costs.