In the Matter of the Estate of ELIZABETH M. SCOTT, Deceased.

Surrogate's Court, Westchester County, August 4, 1937.

*Maurice Zuckert,* for the petitioner, Nellie Mills.

*David S. Murden,* for Charles W. Scott, as executor, etc.

SHEILS, S.   This is a construction proceeding.

The testatrix was a resident of the town of Cortlandt.   She died on July 19, 1934, leaving a will dated July 11, 1934, admitted to probate on November 27, 1934.   She left surviving her husband, Charles Scott, a sister, Nellie Mills (this petitioner), and various

nephews, nieces and grandnieces as her only distributees. Her estate consists of real property of the estimated value of $15,000 and personal property of approximately $10,000.

Her will, which was entirely in her own handwriting, reads as follows:

" FIFTH AVE. HOSPITAL,
*July* 11, 1934.

" This is my last and only will.

" In the event of my death before that of my husband Charles W. Scott, I wish — after payment of all my just debts, the following disposition made of my estate.

" To my sister Nellie, I give the house at 3441 Tibbett Ave., West Bronx, to do with as she will, and at her death to be disposed of as she sees fit.

" To Miss Margaret Bultman, the quit claim piece of property I have at Ocean Beach,— and one other piece *she may select* of the quit claimed pieces I have at Brentwood.

" The balance of the quit claimed and those not yet quit claimed pieces of property I hold on Long Island I give to my niece Bessie. Miss Bultman can explain to her about payment of taxes, etc.

" The few stocks I hold of General Electric, Radio and Irving Trust Co. go to my husband, as well as the property at Montrose. He can sell the place at Montrose if he sees fit, or continue to occupy it until his death. If he continues to live there, wish him to take a mortgage on it, for about $25000 out of which retain enough to pay the interest on the mortgage, for say about ten years, giving the balance of the $25000 to Nellie to pay off the mortgage on the house at 3441 Tibbett Ave., and place the balance, she can, in the bank for her own use.

" Should he sell the place, after all expenses connected with sale are paid,— he is to get half of what is left, out of the other half, pay the mortgage on Nellie's house 3441 Tibbett Ave., and give her in addition $15000. The balance — divide in five equal parts, one part each to be given to Joe Mackay (Mrs. Chas. Nelson) and my nieces, Bessie, Baby Nell Frances and Libby.

" Give $1.00 each to my nephews, Albert, Leslie, Donald Smith and Samuel Mills.

" My clothes and jewelry divide as my husband Charles sees fit.

" I appoint my husband sole executor of my will."

The petitioner contends that the provisions of the will, in so far as they relate to the real property of the testatrix situated in the village of Montrose, town of Cortlandt, charged said real property with the payment of approximately $25,000 to the petitioner;

that Charles W. Scott, the husband of the decedent and devisee of the said real property, is now in possession of the same; that he has paid to the petitioner various sums totaling $6,442.22, but that he refuses to pay to her any further sums upon the ground that the provisions of said will hereinbefore set forth do not require him to make such payments.

On the other hand, Charles W. Scott, the husband, maintains that all the real property owned by the testatrix at Montrose, town of Cortlandt, was devised to him in fee simple, free and clear from all conditions, restrictions and incumbrances on her part; that said last will and testament contains some terms which are merely the wishes and desires of the said testatrix but which would be impracticable and impossible to comply with if they are considered mandatory and binding upon the deponent; that the said Montrose property is not charged with the payment of any sum of money by him, and that any moneys advanced by him to this petitioner were personal loans to her.

The pertinent portions of the will are contained in the fifth and sixth clauses thereof. In the fifth clause decedent gives her husband the " few stocks I hold of General Electric, Radio and Irving Trust Co. * * * as well as the property at Montrose." She then says that " he can sell the place at Montrose if he sees fit, or continue to occupy it until his death. If he continues to live there, wish him to take a mortgage on it for about $25000," out of which he is to retain enough to pay the interest on the mortgage for about ten years and then give the balance of the $25,000 to her sister, Nellie, to pay off the mortgage on the house devised to her under the first paragraph of the will and place the balance in the bank for Nellie's own use.

It seems to have been the intention of the testatrix to give the real property outright to her husband. She then attempts to qualify it by saying that he could sell it if he saw fit or continue to occupy it until his death. It is obvious that he could not sell the property unless it was his to sell. She then expresses the wish that he mortgage the property for $25,000 and divide the same.

The sixth paragraph provides that if he sells the place, after all expenses of sale are paid, the husband is to get half of what is left and out of the other half is to pay the mortgage on Nellie's house and give her, in addition, the sum of $15,000, and divide the balance in five equal parts for various named persons.

Where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which must be regarded as

imperative. (*Tillman* v. *Ogren*, 227 N. Y. 495, 505; *Roseboom* v. *Roseboom*, 81 id. 356; *Matter of Gardner*, 140 id. 122; *Clay* v. *Wood*, 153 id. 134; *Post* v. *Morre*, 181 id. 15.)

In *Phillips* v. *Phillips* (112 N. Y. 197, at p. 204) the court said: " It is perfectly well settled that what are denominated precatory words, expressive of a wish or desire, may, in given instances, create a trust or impose a charge. Without a detailed consideration of the cases, it is quite clear, that, as a general rule, they turn upon one important and vital inquiry, and that is, whether the alleged bequest is so definite as to amount and subject-matter as to be capable of execution by the court, or whether it so depends upon the discretion of the general devisee as to be incapable of execution without superseding that discretion. In the latter case there can neither be a trust or a charge, while in the former there may be, and will be, if such appears to have been the testamentary intention."

It is only when a clear intent is shown that precatory words are accorded such force as to deprive the donee of an absolute right. Otherwise, the words indicating a desire or request are held not imperative but only words of entreaty or admonition, leaving obedience, exercise and performance to the sense of duty, gratitude and discretion of the one to whom they are addressed. (*Matter of Barney*, 207 App. Div. 25, 28; affd., 239 N. Y. 584.)

If it could be held that it was the intention of the testatrix to give to her sister, Nellie, a legacy of $25,000, and to make the same a charge on the real property devised to the husband, either by his mortgaging the same or selling it, the fact remains that such provision for her sister would be impossible of literal fulfillment. There is no definiteness as to the value of the farm in the will, yet it speaks of certain sums and amounts as if there were certainty and absoluteness connected with them. At the time of the death of this decedent, the farm was assessed at $18,500, and is now assessed at $15,000.

It is my opinion that the gift of the Montrose property to the husband was absolute and is not cut down by the subsequent precatory words used by the testatrix in her will. They are words of entreaty or admonition and not imperative. (*Matter of Barney*, supra; *Post* v. *Moore*, supra; *Phillips* v. *Phillips*, supra; *Matter of Crawford*, 99 Misc. 416.)

Enter decree on notice in accordance herewith.