In the Matter of the Accounting of ELIZABETH KLOB, as Committee of RUTH JACOBIA, an Incompetent Person, Executrix of ANTHONY BRAUN, Deceased, and as Administratrix C. T. A. D. B. N. of ANTHONY BRAUN, Deceased.

Surrogate's Court, Queens County, January 29, 1951.

*Maxim Ingber* for administratrix *c. t. a., d. b. n.,* petitioner.

*Alexander Mazzei,* special guardian for Ruth Jacobia, an incompetent person.

*Irwin Pakula,* special guardian for Louise Braun, an incompetent person.

*Nathaniel L. Goldstein, Attorney-General (Norman Beck* of counsel), for State of New York, on behalf of Creedmoor State Hospital.

*Daniel E. O'Keefe* and *Robert J. McGinn* for National Surety Co.

SAVARESE, S. Anthony Braun died on August 24, 1943, survived by his widow, Louise Braun, and his daughter, Ruth Jacobia. In this accounting proceeding instituted by his administratrix *c.t.a. d.b.n.* objections to the account have been filed. Construction of the will is necessary to rule on some of the objections. All the dispositive provisions of the will, which is dated August 4, 1943, are as follows:

" 3. I give, devise and bequeath unto my beloved daughter, *Ruth Jacobia* the house in premises known and designated as and by the street number 60-08 172nd Street, Flushing, L. I., absolutely.

" 4. I give, devise and bequeath all the rest, residue and remainder of my estate of whatsoever nature, wheresoever situated, unto my daughter, *Ruth Jacobia* in trust neverthe-

less, for the use and benefit of my beloved wife, *Louise Braun* during her lifetime as follows: The income and profits therefrom shall be applied by my Trustee for the maintenance and support of my beloved wife, *Louise Braun* during her lifetime and upon the death of my said beloved wife, I give, devise and bequeath the principal of such trust fund then remaining unto my beloved daughter, *Ruth Jacobia* absolutely. Should the income and profits from such trust fund prove insufficient to maintain and support my beloved wife during her lifetime, then and in that event, I direct that my Trustee shall use such portion of the principal of such trust fund as may be required for the proper maintenance and support of my beloved wife during her lifetime.

" 5. Should my beloved daughter, *Ruth Jacobia* predecease my beloved wife, then and in such event, I give, devise and bequeath unto my beloved wife all of my property both real and personal."

The issue presented is whether the devise of the house in paragraph " 3 " is cut down by the language of paragraph " 5 ". In my opinion it is not. Paragraph " 3 " devised the house absolutely to the daughter. Paragraph " 4 " then directed the creation of a trust of the residuary estate for the life benefit of the wife with remainder to the daughter. It occurred to the testator or the draftsman that, as the trust was to continue for some time beyond the testator's death, it was possible that the widow would outlive the daughter. That was the contingency for which he intended to provide in paragraph " 5 ". If he had intended to restrict his daughter to a life estate or render her fee conditional upon her surviving his widow with an executory devise to the latter it would seem that he would have said so explicitly in paragraph " 3 " itself. An absolute devise will not be cut down by subsequent language in a will unless it is as clear and definite as the language creating the original gift. (1 Davids on New York Law of Wills, § 465.) The subsequent language here is too general to modify the prior specific devise. Although paragraph " 5 " literally refers to " all my property both real and personal ", it was evidently intended to refer to " all my remaining property ". It is so construed. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *Hascall* v. *King*, 28 App. Div. 280, mod. on other grounds 162 N. Y. 134.) The daughter therefore took a fee simple in the real property at testator's death.

It appears that although the widow might have been entitled to elect to take the difference between the capital value of the

residuary trust and one third of the distributable estate under section 18 of the Decedent Estate Law, she failed to act within the statutory period and this court denied the application of her committee to open her default. (*Matter of Braun,* N. Y. L. J. Jan. 8, 1948, p. 93, col. 4; cf. *Matter of Lake,* N. Y. L. J. Dec. 1, 1949, p. 1465, col. 6; N. Y. L. J. Feb. 20, 1950, p. 633, col. 4.) Accordingly, the widow has no right of election. She is entitled to her statutory cash exemption of $300 under subdivision 4 of section 200 of the Surrogate's Court Act out of the personal property of the testator remaining after payment of his reasonable funeral expenses. (*Matter of Wolf,* N. Y. L. J. June 8, 1948, p. 2151, col. 5; *Matter of Donohue,* N. Y. L. J. Dec. 15, 1950, p. 1604, col. 6 [RICHARDSON, S.].) Testator and his wife were married on February 11, 1912, and testator took title to the real property devised on March 23, 1925. As marriage and seizin occurred before September 1, 1930, the widow has a right of dower. There is nothing in the will inconsistent therewith.

It appears that the real property above referred to has been sold by order of the Supreme Court on the petition of Elizabeth Klob as committee of Ruth Jacobia and Louise Braun. The order ratifying and confirming the report of sale indicates that the net proceeds of sale were deposited in the account of Elizabeth Klob as administratrix c. t. a. of Anthony Braun. Why this was done is not apparent, as the realty was clearly the individual property of either Ruth Jacobia alone, or of Ruth Jacobia and Louise Braun. In view of the construction of the will made above the fund is the individual property of Ruth Jacobia, subject to the admeasurement of the widow's dower. Petitioner improperly deposited the fund in the estate account, and improperly listed the proceeds as an asset of the estate in schedules A and G of her account herein. Petitioner also improperly paid a sum in excess of $300 to the widow as a distribution. She is surcharged to the extent of such excess. Dower should be admeasured in the Supreme Court which has exclusive jurisdiction over the affairs of the incompetents herein and over their funds.

The claims of the widow's committee for various expenses incurred in connection with the real property as set forth in schedule C-1 of the account are disallowed without prejudice to such application as may be advisable in the Supreme Court. As neither the real property nor the proceeds of its sale are subject to this court's jurisdiction it cannot allow claims arising out of the management of said realty after the testator's death.

The claims of the administratrix *c. t. a.* set forth in schedule

D-2 of the account as amended at the trial for reimbursement for time lost from work and carfares resulting from her duties as legal representative of this decedent are disallowed. Petitioner resides within the county. There is no provision for such compensation in the absence of a provision in the will. The legal representative is restricted to her statutory commissions.

The claims of the daughter's committee set forth in schedule D-2 of the account for funeral expenses, counsel fees, and disbursements paid by the daughter are disallowed. Schedule C of the account shows that these items have been paid out of estate funds. Petitioner cannot pay the same items twice.

Compensation of counsel for all services rendered for the benefit of the estate up to and including the entry and execution of the decree herein is fixed and allowed in the sum already received by him. The additional sum claimed in schedule C-1 of the account is disallowed. The unitemized disbursements claimed in schedule C-1 are disallowed without prejudice to an application for a bill of costs for disbursements only. The objections of the special guardians are disposed of by the foregoing rulings. Account settled. Submit decree on notice.