Matter of the Judicial Settlement of the Account of
Arthur S. Reynolds, as Executor of Etta Freden-
burg Burcham, as Executrix of David Fredenburg,
Deceased.

(Surrogate's Court, Delaware County, January, 1921.)

Wills — construction of — intention of testator — life estates —
gifts — power of sale — sale of real estate — executors and
administrators.

Where an estate is given in one part of a will in clear and
decisive terms, it cannot be taken away or cut down by raising
a doubt as to the meaning or application of a subsequent clause,
nor by any subsequent words which are not as clear and decisive
as the words granting the estate.   (P. 304.)

The intention of the testator as clearly shown by a certain
paragraph of his will, which was drawn by an inexperienced
layman, was to give to his wife all his estate, real and per-
sonal, subject to two conditions:  1. That she should provide
a suitable home for his children, maintain them and give them
an education.  2. That when they respectively arrived at the
age of twenty-one years, she should pay each of them $500,
except that she should pay to or for the benefit of one son, the
sum of $700.  *Held,* that as to give effect to a succeeding pro-
vision, that in the event of the death of the mother before any
of the children attained their majority, testator's property
should be sold and divided and go to his four children share and
share alike, would of necessity convert the estate of the wife
from a fee into a conditional life estate until at least one of
the children became of age, such provision should be con-
strued as precatory, and so construed was consistent with the
absolute gift to the wife.  (P. 305.)

A still later provision, that in the event of the death of the
wife after either of the children arrived at the age of twenty-
one years and they had received the sums mentioned, then the
estate should be sold and the proceeds given to the children in
equal shares with deduction of sums already paid to them, is so
indefinite and ambiguous that it cannot be given effect to cut
down the gift to the wife.  (P. 306.)

Surrogate's Court, Delaware County, January, 1921.  [Vol. 114.

A provision vesting in testator's wife full power to sell and convey any portion of the estate with the consent and approval of one son and the daughter, the proceeds of such sale to be applied to any debt that might be a claim against the estate, was not necessarily to be construed as indicating any intention of testator to give his wife only a life estate.  (Pp. 306, 307.)

The absolute gift to the wife was not rendered void because of her failure to pay the sums as conditioned by the gift to her, because the children could enforce the payment of the amount due or to which they were entitled under the provision of gifts to the wife, against her estate.  (P. 308.)

JUDICIAL settlement of account by executor of deceased executrix, in which proceeding judicial construction of the will of David Fredenburg is involved.

The last will and testament of David Fredenburg, a resident of the town of Roxbury, Delaware county, was admitted to probate January 3, 1903, and letters testamentary issued to Etta Fredenburg, the wife of the testator, the executrix named in said will.

The testator at the time of his death was the owner of a farm of land with personal property thereon situate in the town of Roxbury. The testator was survived by his wife and four infant children, one daughter and three sons. The executrix took possession of the real and personal property, conducted and operated the farm and transacted all business thereafter as her own and in her own name. The executrix subsequently remarried. No inventory was made or filed and no account was rendered by the executrix in her lifetime.

The eldest son, Harry, became twenty-one years of age in the year 1907 and died in the year 1908 survived by his mother, one sister and two brothers. The daughter, Carrie, became twenty-one years of age in the year 1909, was married in 1910 and died September, 1919, survived by her husband and one son, Frank Peckham. The son Charles became twenty-one years

of age in the year 1911 and the son George in the year 1918, both of whom are living, and together with the infant survivor of the deceased daughter are parties to this proceeding.

During the time the widow and executrix was in occupation and operating the farm left by the testator, she improved the property, paid the debts of the testator and erected a new barn upon the farm at an expense of approximately $2,300.

The will of the testator which must be construed in this proceeding, after directing the payment of debts and funeral expenses, provided as follows:

" *Second.* I give and bequeath to my beloved wife Etta Fredenburg all of my real estate and personal property of every kind and description of which I shall die *possessed* provided

· " *First.* That she shall provide a suitable home for my children clothe and feed them care for them in sickness and in health and give them an education.

" *Second.* That when my son Harry Fredenburg shall arrive at the age of 21 years she shall pay to him the sum of five Hundred dollars.  When my daughter Carrie Fredenburg shall arrive at the age of 21 years she shall pay to her the sum of five hundred dollars. That when my son Charles Fredenburg shall arrive at the age of 21 years she shall pay to him, or deposit with some suitable trust Company or Savings institution for his benefit the sum of Seven hundred dollars. When my son George Fredenburg shall arrive at the age of 21 years she shall pay to him the sum of five hundred dollars.

" *Second.* In the event of the death of my wife before any of my children arrive at the age of 21 years it is my will that all of the property of which I shall die *possessed* shall be sold and the proceeds of such sale shall be divided in to four equal share which

Surrogate's Court, Delaware County, January, 1921.   [Vol. 114.

shall be given to my children Harry, Carrie, Charles and George share and share alike.

" *Third.* In the event of the death of my wife after either of my children have arrived at the age of 21 years and they have received the sums *hereinbefore* mentioned then my estate shall be sold and the proceeds of such sale shall be divided in to four equal shares and given to my children Harry, Carrie, Charles and George share and share alike except that the sums already paid to them when they had arrived at the age of 21 years shall be deducted from their share.

" *Fourth.* I will and ordain that my beloved wife Etta Fredenburg with the consent and approval of my son Harry Fredenburg and my daughter Carrie Fredenburg, shall have full power and authority to sell or convey any portion of my estate to any person or persons and their heirs forever, the proceeds of such sale to be applied to any debts that may be a claim upon my estate."

No question is raised as to the account filed by the executor of the deceased executrix.   The principal question for determination is whether under the terms of the will of the testator, the property passed to the widow, or because of the peculiar provisions of the will, is now vested in the surviving sons and the infant descendant of the daughter Carrie.

Ives & Craft, for Arthur S. Reynolds, executor, etc.

Leonard A. Govern, special guardian for Harry Peckham, an infant.

George Fredenburg, individually and as administrator with the will annexed of David Fredenburg, deceased, in person.

Misc.]    Surrogate's Court, Delaware County, January, 1921.

McNAUGHT, S.    The difficulties incident to con-struing the will here involved furnish a forcible illus-tration of the inadvisability of having a testamentary disposition of property drawn by an inexperienced layman.    It is a fundamental principle of the law relat-ing to the construction of wills that the intention of the testator must govern and must be given full force and effect if such intention can be drawn from the instrument propounded.    It is a platitude that " no will has a brother."    The diversity in wills is as great as the difference in individuals.    In most instances the citation of numerous authorities are seldom of great value or assistance except as they treat of similar cases, or bear upon the general rules of construction.

By the 2d paragraph of the will of the testator it is manifest, standing alone, there would be but one possible construction to be given to it, and that is that by its terms it was the intention of the testator to give to his wife all of his real estate and personal property subject to two conditions: *First,* that she should pro-vide a suitable home for his children, maintain them and give them an education.    *Second,* that when they respectively arrived at the age of twenty-one years, she should pay each one of them $500 excepting she should pay to or for the benefit of the son Charles the sum of $700.

The language of the 2d paragraph of the will and the conditions numbered " first " and " second " in said paragraph are plain, unequivocal and free from ambiguity.    The difficulty arises when an attempt is made to reconcile the provisions of the 3d and 4th paragraphs with the absolute gift of the 2d pargraph.

By the two subsequent paragraphs it is provided, *first,* that in the event of the death of the wife before any of the children arrived at twenty-one years of age, the property of the testator should be sold and divided

into four equal shares and go to the four children share and share alike. By the next paragraph it is apparently provided that in the event of the death of the wife after any of the children arrived at the age of twenty-one years and they had received the sums mentioned, then the estate should be sold and the proceeds divided into four equal shares and given to the children except that the sums already paid them should be deducted from their share.

Where an estate is given in one part of a will in clear and decisive terms it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause, nor by any subsequent words which are not as clear and decisive as the words granting the estate. *Roseboom* v. *Roseboom*, 81 N. Y. 359; *Clarke* v. *Leupp*, 88 id. 228; *Campbell* v. *Beaumont*, 91 id. 464; *Matter of Gardner*, 140 id. 122; *Clay* v. *Wood*, 153 id. 134; *Goodwin* v. *Coddington*, 154 id. 283, 286; *Banzer* v. *Banzer*, 156 id. 429; *Adams* v. *Massey*, 184 id. 62; *Sands* v. *Waldo*, 100 Misc. Rep. 288, 293, 294.

" The rule that where clauses in a will are antagonistic the latter must stand as the last expression of intention is never applied unless the last clause is as clear as the first and cannot be reconciled therewith. It is only when the later provision is as plain and decisive as the earlier and the general intention of the testator cannot be gathered from the general scope of the will or otherwise, and when the two provisions are wholly irreconcilable, and cannot possibly stand together, that as a desperate remedy, resort is had to the last clause as expressing the latest intent in order to save one instead of sacrificing both." *Adams* v. *Massey, supra,* and cases cited.

The gift to the wife as contained in the 2d paragraph, being clear and unmistakable in its terms, we

Misc.]    Surrogate's Court, Delaware County, January, 1921.

are called upon to determine the effect of the two subsequent paragraphs. The first of these provides: " In the event of the death of my wife before any of my children arrive at the age of 21 years, it is my will that all of the property of which I shall die possessed shall be sold, and the proceeds of such sale shall be divided into four equal shares which shall be given to my children, Harry, Carrie, Charles and George share and share alike."

To give effect to the language of this paragraph would of necessity convert the estate of the wife from a fee into a conditional life estate until at least one of the children of the testator arrived at the age of twenty-one years.

It seems to the court the language of this clause must be construed as the expression of a desire; that the words used are properly construed as precatory, and so construed are consistent with the absolute gift in the preceding paragraph to the wife. The word " will " in the clause in question may properly be regarded as the expression of a desire.

There are many authorities in which similar provisions, although not expressed in the same language and qualified by precatory words, have been held absolute. In many of the cases the question has arisen upon wills more antagonistic in their expression to an absolute devise than is the instrument under consideration. *Foose* v. *Whitmore,* 82 N. Y. 405; *Lawrence* v. *Cooke,* 104 id. 632; *Matter of Gardner,* 140 id. 122; *Clay* v. *Wood,* 153 id. 134; *Post* v. *Moore,* 181 id. 15.

The succeeding clause reads as follows:. " In the event of the death of my wife after either of my children have arrived at the age of 21 years, and have received the sums hereinbefore mentioned, then my estate shall be sold and the proceeds of such sale shall be divided into four equal shares and given to my chil-

Surrogate's Court, Delaware County, January, 1921.   [Vol. 114.

dren Harry, Carrie, Charles and George share and share alike, except that the sums already paid to them, when they had arrived at the age of 21 years shall be deducted from their share.''

It seems impossible to reconcile the provisions of this paragraph with the preceding paragraphs of the will. The language is not clear and definite. The meaning and the intention of the testator can hardly be ascertained from the language used. If literally followed, it would seem that compliance with the provision, in the event of the death of the wife after any of the children arrived at the age of twenty-one years, would result in partial intestacy. This certainly would be the result in the event of the death of the wife after all of the children arrived at the age of twenty-one years as is the situation here, for the reason the testator directs that his estate shall be sold and the proceeds of the sale equally divided between his four children, with no provision that the heirs of such children should share; and then further provides that the sums which may have already been paid to them when they arrived at the age of twenty-one years, under the conditions of the second proviso in the 2d paragraph of the will, shall be deducted from their share, but makes no provision whatever as to the disposition to be made of the sums so deducted, and as to such sums, intestacy would result.

The clause is so indefinite and ambiguous it cannot be given effect to cut down the gift to the wife, for the intention to cut down the gift to the wife is not expressed in the clear and unequivocal language required under the authorities cited, *supra*.

Considerable stress is laid upon the language of the succeeding paragraph of the will in which the testator vests his wife with full power and authority to sell and convey any portion of his estate with the con-

sent and approval of his son Harry Fredenburg and his daughter Carrie Fredenburg, the proceeds of the sale to be applied to any debts that might be a claim upon his estate.

It is contended this provision indicates the testator did not contemplate vesting title in his wife but only to give her a life estate. The provision is not necessarily to be construed in such manner. It seems rather that the testator, desiring the home maintained and having given all of the property to the wife, coupled with the condition that she should maintain the home, added a further condition by this clause of the will by which he provided a way, if necessity required, by which some of the property should be sold for the payment of his debts and required as a condition that the eldest son and the daughter should consent and approve of the sale.

It seems to the court that the construction of the instrument in question already outlined is the only possible construction to be given under the authorities and as a matter of justice. It is of course true the " pole star " in the construction of wills is to effectuate the intention of the testator, but it is inconceivable to the court that the testator in this case owning an ordinary farm with a small dairy, ever intended to vest in his wife a life estate only, impose upon her the burden of providing a suitable home for his children, clothing, maintaining them in sickness and in health and giving them an education, and then from the income of such property should pay to each one as they arrived at the age of twenty-one years, the sum of $500, and to one the sum of $700 and at her death the property should all belong to the children. No question is raised but that the wife provided a home and cared for the children, but it appears the condition relative to the payments provided for in the

Surrogate's Court, Delaware County, January, 1921.   [Vol. 114.

2d paragraph of the will were not fully complied with by the wife.

It appears the son Harry died a short time after arriving at the age of twenty-one years without having received his $500. The daughter married after arriving at the age of twenty-one years, and subsequently died without receiving her $500. The son Charles is still living but has not received the sum of $700 as provided in the will. The son George Fredenburg it is conceded received $400 of his $500 after arriving at the age of twenty-one years.

The failure to pay the sums as provided in the second condition of the 2d paragraph of the will did not render void the gift to the wife. The sons and the daughter could enforce the payment of the amount due or to which they were entitled under such provision and may enforce the payment against the estate of the deceased wife.

It is, therefore, the conclusion of the court that under the will in question Etta Fredenburg took absolute title to the real and personal property of David Fredenburg, subject to the payment of his debts and the performance of the conditions in the 2d paragraph, and that such absolute estate was not divested, limited or cut down by the subsequent provisions in the succeeding paragraphs of the will.

A decree may be prepared in conformity with the views above expressed and noticed for settlement.

Decreed accordingly.