In the Matter of the Settlement of the Accounts of KATE GATES and FRANCES A. KINSLOW, as Administratrices, etc., of CARRIE S. RUSS, Deceased, Executrix, etc., of ARTHUR E. RUSS, Deceased.

Surrogate's Court, Oswego County, September, 1923.

**Wills — construction — when absolute gift not cut down by subsequent words of a precatory nature.**

The will of the husband of the decedent herein provided: " I give, devise and bequeath all the rest, residue and remainder of my property, real or personal and of any kind, name or nature to my beloved wife * * *, to use and dispose of as she may see fit, and it is my desire that if any of my property should remain undisposed of by said wife at the time of her death, I direct that the same shall be disposed of as follows: that one-fourth part thereof to my brother * * *, providing he shall be living at the time of the death of my said wife, and that the balance thereof, or the other said three-fourths be divided between the nephews and nieces of my said wife * * * and myself, of which there are now ten in number and share and share alike, in case of the death of my said brother * * *, or of any of our said nephews or nieces prior to the death of my said wife, then I desire that the same shall be divided between such of said nephews and nieces as shall be living at the time of the death of my said wife, share and share alike." During the administration of his estate, his wife as executrix and under the power vested in her by the will disposed of four parcels of real estate, taking in part payment bonds of the purchaser secured by a mortgage on the property, all of which instruments were made payable to her individually. Certain of the real property of which her husband died seized, all the bonds and mortgages of which he died possessed, except such as had been voluntarily paid, all Liberty bonds except $2,000 which were cashed to pay his

obligations, together with the greater portion of other securities left by him, were intact and stood in his name at the death of his wife, intestate. *Held*, that the language of the will was sufficient to pass title to all of the property of the testator to his wife, the decedent herein.

The words " and it is my desire," etc., must be construed as precatory and so construed are consistent with an absolute gift, and while it might be an equitable construction that the part of the estate not actually consumed by the decedent herein for necessary support and maintenance was held by her as trustee for the remaindermen, said words were the expression of a wish only on the part of the testator and did not create or charge a trust upon her estate.

PROCEEDINGS to settle accounts of an executrix.

*Ira P. Betts,* for administratrices of estate of Carrie S. Russ, deceased.

*Henry D. Coville,* for the administrator with the will annexed of Arthur E. Russ, deceased.

MILLER, S.   The facts upon this accounting were stipulated by the respective parties to be as follows:

Arthur E. Russ died at the village of Phœnix, Oswego county, N. Y., on the 22d day of June, 1921, leaving a last will and testament which was admitted to probate on the 23d day of August, 1921, in the Surrogate's Court of the said county of Oswego, and letters testamentary were issued to Carrie S. Russ, the wife of said deceased, and the executrix named in said will.

The will after directing the payment of the debts and funeral expenses of the deceased and after the bequest of the sum of $1,000 to a brother, Hiram C. Russ, disposed of the balance of decedent's estate as follows: " I give, devise and bequeath all the rest, residue and remainder of my property, real or personal and of any kind, name or nature to my beloved wife Carrie S. Russ, to use and dispose of as she may see fit, and it is my desire that if any of my property should remain undisposed of by said wife at the time of her death, I direct that the same shall be disposed of as follows: that one-fourth part thereof to my brother Hiram C. Russ, providing he shall be living at the time of the death of my said wife, and that the balance thereof, or the other said three-fourths be divided between the nephews and nieces of my said wife, Carrie S. Russ and myself, of which there are now ten in number and share and share alike, in case of the death of my said brother Hiram C. Russ, or of any of our said nephews or nieces prior to the death of my said wife, then I desire that the same shall be divided between such of said nephews and nieces as shall be living at the time of the death of my said wife, share and share alike."

Arthur E. Russ at the time of his death owned considerable property consisting of bonds and mortgages, Liberty bonds, war

savings stamps, promissory notes, judgments and money, together with several pieces of real estate, the title to which stood in the individual name of Arthur E. Russ.

During the administration of his estate by Carrie S. Russ as such executrix, she disposed of, among other things, four parcels of real estate under the power and authority vested in her by said will and took in part payment of the real estate so disposed of bonds of the purchaser secured by a mortgage on said real estate which bonds and mortgages were payable to her individually and not as executrix under the last will and testament of said Arthur E. Russ.

The property disposed of by the said Carrie S. Russ consisted of a house and lot on Canal street in the village of Phœnix, which was rented property not very desirable, located in the outskirts of the village, two other parcels consisting of two vacant lots located on Canal street in the village of Phœnix, which for a good many years had been unproductive property in the hands of the deceased; the other parcel so sold consisted of a cottage located at Star Lake in the town of Fine, St. Lawrence county, for which the said executrix considered she had no further use and was a needless expense to maintain. The old Russ homestead in Phœnix and a number of vacant lots located on Fulton street in said village and a building lot located in the borough of Brooklyn, New York city, together with all the bonds and mortgages except such as had been voluntarily paid by the mortgagors, all the Liberty bonds except $2,000, which were cashed to pay obligations of the deceased, together with the greater portion of the other securities left by deceased, were still intact and stood in the name of Arthur E. Russ at the time of the death of the said Carrie S. Russ.

Carrie S. Russ died intestate, at the village of Phœnix, N. Y., on the 7th day of May, 1922, and letters of administration were thereafter and on the 23d day of May, 1922, granted by the Surrogate's Court of the county of Oswego to Kate Gates and Frances A. Kinslow, sisters of deceased.

This proceeding is an accounting of the said administratrices with one Hiram C. Russ who has been appointed administrator with the will annexed of the said Arthur E. Russ as to the property in the possession of the said Carrie S. Russ which passed under the terms of the will of the said Arthur E. Russ.

The said four bonds and mortgages so taken by the said Carrie S. Russ upon the sale of real estate formerly owned by the said Arthur E. Russ were included in said account and are claimed by the said Hiram C. Russ as being a part of the estate of said Arthur E. Russ and he contends they should be distributed under his will.

Misc. 498]     Surrogate's Court, Oswego County, September, 1923.

The same are also claimed by the administratrices of the said Carrie S. Russ who claim that they are a portion of the estate of the said Carrie S. Russ and belong to her next of kin under the Statute of Distribution.

The property of the estate of Arthur E. Russ, deceased, that remained in the hands of Carrie S. Russ as executrix of the estate of Arthur E. Russ, deceased, at the time of her death having been turned over to the legatees and devisees named in the will of Arthur E. Russ other than Carrie S. Russ by agreement of all the interested parties, we are only concerned in this proceeding with the ownership of the four bonds and mortgages.

I think that it must be held that the construction of this will falls within the principle laid down in *Tillman* v. *Ogren*, 227 N. Y. 495, 505, in which the court holds that "Where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which must be regarded as imperative."

The words used by Mr. Russ, " I give, devise and bequeath all the rest, residue and remainder of my property, real or personal, and of any kind, name or nature to my beloved wife Carrie S. Russ to use and dispose of as she may see fit," may not be quite as decisive as the words used by the testatrix in the *Tillman Case, supra,* yet I think the words used were sufficient to pass the title to all the property to Mrs. Russ.

The courts seem to hold that the words used by the testator in the latter part of the clause in question are the mere expression of a desire and must be construed as precatory and when so construed are consistent with an absolute gift. *Matter of Fredenburg*, 114 Misc. Rep. 299, 305, citing *Foose* v. *Whitmore*, 82 N. Y. 405; *Lawrence* v. *Cooke*, 104 id. 632; *Matter of Gardner*, 140 id. 122; *Clay* v. *Wood*, 153 id. 134; *Post* v. *Moore*, 181 id. 15.

It has been suggested in this case that Mrs. Russ held the part of the estate that was not actually consumed by her for her necessary support and maintenance as trustee for the remaindermen.

I think this might be an equitable construction of this will. However, it seems to be held in *Post* v. *Moore*, 181 N. Y. 15, that words similar to the ones used by Mr. Russ are insufficient to convey anything to the remaindermen, but are the expression of a wish only on the part of the testator and do not create or charge a trust upon the estate.

An order may be had adjudging that the bonds and mortgages belong to the estate of Carrie S. Russ, deceased.

Decreed accordingly.